Aaron Michaels, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 9708. Promulgated January 13, 1949.

*Bernard W. Shafer, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

18

OPINION.

OPPER, *Judge*: We entertain no doubt that good will and such related items as customers' lists are capital assets. *Ensley Bank & Trust Co.* v. *United States* (C. C. A., 5th Cir.), 154 Fed. (2d) 968; certiorari denied, 329 U. S. 732; see *X-Pando Corporation*, 7 T. C. 48; *Rainier Brewing Co.*, 7 T. C. 162; affd. (C. C. A., 9th Cir.), 165 Fed. (2d) 217; rehearing denied (C. C. A., 9th Cir.), 166 Fed. (2d) 324. The parties agree that the linens with a stipulated selling price of $1,528.85 were not capital assets, so that the consequence of their sale was an ordinary income item. Petitioner concedes that the customers' lists and good will had a basis of zero. The entire proceeds of their sale accordingly represent capital gain, and the only remaining difficulty on this issue is the element injected by petitioner's accompanying covenant not to compete.

If such an agreement can be segregated, not so much for purposes of valuation as in order to be assured that a separate item has actually been dealt with, the agreement is ordinary income and not the sale of a capital asset. *Estate of Mildred K. Hyde*, 42 B. T. A. 738. But where it accompanies the transfer of good will in the sale of a going business and it is apparent that the covenant not to compete has the function primarily of assuring to the purchaser the beneficial enjoyment of the good will which he has acquired, the covenant is regarded as nonseverable and as being in effect a contributing element to the assets transferred. *Toledo Newspaper Co.*, 2 T. C. 794; *Toledo Blade Co.*, 11 T. C. 1079.

The evidence on this subject is extremely meager, but it does appear from testimony of respondent's own witness that a tightly controlled authority was exercised over the transfer of customers from one laundry company to another, and hence that the purchase of good will and the right to service existing customers attained more than ordinary value. On the other hand, the ability of a new laundry to enter the field was apparently limited to newcomers arriving in the community—a factor tending to diminish not only the dollars and cents value of a covenant not to compete, but also its significance as an independent element of the sale of the business as a whole. See *Toledo Newspaper Co., supra.* We have accordingly found as a fact, though the matter is not free from doubt, that the agreement to refrain from competition should be treated as a capital asset ancillary to the transfer of good will and customers. The consequence is that the entire proceeds of the sale, exclusive of that attributable to the linens, is taxable as a capital gain.

The remaining question involves the deductibility of an attorney's bill rendered in the instant tax year but for services concededly attributable to a number of prior years. The evidence of what services were actually rendered, for whose account and liability, and to what extent there was ever any prospect or intention of actual payment is so meager that we consider ourselves foreclosed from arriving at the necessary finding of fact that any services for which petitioner bore any liability were accruable in the year before us. No accrual entry was made upon petitioner's books; no payment in cash was ever made; no showing of the reasonableness of any item on the bill he received appears; and the attorney who was said to have rendered the services and whose testimony in this regard would have been of persuasive weight was neither produced nor his absence adequately explained. We can not even arrive at the necessary basis for application of the rule of *Cohan* v. *Commissioner* (C. C. A., 2d Cir.), 39 Fed. (2d) 540, since the conclusion that some amount was due, however indefinite, is precluded by the present record and petitioner's burden of proof. On this issue we accordingly sustain the deficiency.

Reviewed by the Court.

*Decision will be entered under Rule 50.*