OPINION. Johnson, Judge: Petitioners contend that having s.old the physical equipment of W. H. Cox & Sons by oral contract for book value, the $50,000 received by them for the sale of the business constitutes consideration for good will and henee is taxable as capital gain.. Respondent determined that the $50,000 was consideration for a cover nant not to compete, and hence treated the money as ordinary income. See Aaron Michaels, 12 T. C. 17. It seems evident from the terms of the written contract set out in our findings that petitioners received $50,000 for the sale of the business and that this payment was for the good will only. If we consider merely the actual physical location in the contract of the convenant not to compete and the $50,000 sum, we must conclude that there is no connection either by context or by actual physical proximity in the contract. Good will was not specifically mentioned in the contract, but the various witnesses for petitioners testified it was the intent of the parties to sell the good will. Corcoran testified he purchased the good will. The only testimony that the good will was .not purchased by the $50,000 payment was that of Keim, who reported the payment on account of the $50,000. as an expense in his own tax return. He admitted that he had been advised by his accountant that if petitioners prevailed, some claim might be made against him on his own income tax. We feel the overwhelming weight of the evidence sustains the contention of petitioners.[2] During 1945 petitioners expended $11,625.77 for labor and materials necessary to put the Peyton Building into usable condition, and to make certain alterations. Petitioners treated $6,329.54 of the expenditures as a deductible expense for repairs. Respondent determined the entire $11,625.77 was a capital expenditure representing additional cost of the property, and allowed petitioners additional depreciation. By stipulation, petitioners conceded only $4,975.16 should have been deducted as a current expense. By brief petitioners have reduced this sum to $4,380.08. When petitioners purchased the Peyton Building it had been vacant for two years or more and had fallen into a state of disrepair of which petitioners were unaware until after the purchase. There had been no reduction of the purchase price due to the condition of the building. The expenditures were pursuant to a general plan of reconditioning, improving, and altering the property, and hence were capital expenditures. Home News Publishing Co., 18 B. T. A. 1008. Moreover, it is rather evident from the type of repairs set forth in our findings that most of them added to the life of the building, or were material replacements, and this Court has consistently held expenditures for such repairs to be capital expenditures.[3] We sustain respondent’s determination as to this issue. Decisions will be entered under Bule 50. We might note that the united States District Court for the District of Arizona In Lester T. Cox, as Administrator of the Estate of Gladys E. Cox, deceased, Lester T. Cox, individually; and Ethyl M. Cox v. United States of America. (Civil No. 461032, D. C. Arizona, June 14, 1951), rendered a decision in favor of the three above-named taxpayers for the taxable year 1944. A. B. Cox ■was not a plaintiff in that action because a resident of California, but the issue was the same, though for a different taxable year. The same contract was construed by the court and the $50,000 was held to have been consideration for the sale of the good will. Black Hardware Co. v. Commissioner, 39 F. 2d 460, certiorari denied, 282 U. S. 841; First National Bank in Mobile, 30 B. T. A. 632; Amsterdam Theatres Corp., 24 B. T. A. 1161; Alexander Sprunt & Son, Inc., 24 B. T. A. 599; Coca-Cola Bottling Works, 19 B. T. A. 1055; I. M. Cowell, 18 B. T. A. 997; H. S. Crocker Co., 15 B. T. A. 175; Covington Cotton Oil Co., 12 B. T. A. 1018; Lycoming Silk Co., 11 B. T. A. 523; Ranier Grand Co., 11 B. T. A. 520; Texas Chemical Co., 11 B. T. A. 390; Leedom & Worrall Co., 10 B. T. A. 825; Strauss Market, Inc., 2 B. T. A. 1264.