OPINION. Nice, Judge: The sole issue is whether the $15,000, or any portion thereof, representing the purchase price paid for intangible assets upon the acquisition of a dry cleaning business is depreciable over the 5-year period of the covenant not to compete. Applicable provisions of the Internal Revenue Code and regulations promulgated thereunder are set forth in the margin.[1] Petitioner maintains that the $15,000 paid for intangible assets represented the value of the covenant not to compete, and that he is entitled to depreciate that amount over the 5-year life of the covenant or, in the alternative, thahsome portion of the $15,000 is applicable to said covenant under the Cohan rule[2] and that this portion may be depreciated over such period. Respondent maintains that no deduction is allowable with respect to this $15,000. This Court has held that where a covenant not to compete accompanies the transfer of good will in the sale of a going concern, and such covenant is essentially to assure the purchaser the beneficial enjoyment of the good will he has acquired, the covenant is nonseverable and may not be depreciated. Aaron Michaels 12 T. C. 17 (1949). Such a result has been reached even in instances where the contract has placed a value upon the covenant not to compete. Toledo Blade Co., 11 T. C. 1079 (1948), affd. (C. A. 6, 1950) 180 F. 2d 357, certiorari denied 340 U. S. 811 (1950). We feel that the situation in the present case is similar to that in the above-cited cases. Petitioner here acquired a going business which had a value over and above the value of the tangible assets making up the business. Petitioner desired to protect himself and the business he purchased by obtaining from the vendor a covenant not to compete. While it is true that any value attributable to customers’ lists and formulae was negligible, we feel that the business did have good will connected with it. Petitioner himself recognized this as was evidenced by his testimony that he spot checked among inhabitants of the town and found that they took their best garments to Killey Cleaners for dry cleaning. While it is true petitioner testified that the main reason he did not change the name of the business was the expense involved in changing the name, and that he did associate his name as owner with the name of the cleaning establishment, it nevertheless is a fact that petitioner continued to operate under the same trade name as the vendor. Another factor which must be borne in mind is that, at the time of the purchase, the vendor had been advised by his physicians to retire from the dry cleaning business because of his health and he, therefore, placed little value on giving a covenant not to compete. Although, subsequently, he again entered into the dry cleaning business and at that later date petitioner was protected by such covenant, such a fact is immaterial in a situation such as this where we are dealing with the transaction as of the date at which it occurred. We, therefore, feel that any value applicable to the covenant not to compete is nonseverable from the entire transaction which consisted of acquisition by petitioner of a capital asset together with a covenant which protected his beneficial enjoyment of that asset. Cases cited by the petitioner in which depreciation has been allowed for a covenant not to compete have been distinguished in prior cases, and we shall not again go into them at this time. See Rodney B. Horton, 13 T. C. 143 (1949); and Tax Consequences of a Covenant Not to Compete, 27 Taxes 891 (1949). Decision will be entered for the respondent. SEC. 23. DEDUCTIONS FROM GROSS INCOME. * * * * * * • (1) Depreciation. — A reasonable allowance for the exhaustion, wear and tear (Including a reasonable allowance for obsolescence)— (1) of property used In the trade or business, or (2) of property held for the production of income. Regs. Ill Sec. 29.23 (l)-3. Depreciation of Intangible Property. — Intangibles, the use of which in the trade or business or in the production of income is definitely limited in duration, may be the subject of a depreciation allowance. Examples are patents and copyrights, licenses, and franchises. Intangibles, the use of which in the business or trade or in the production of income is not so limited, will not usually be a proper subject of such an allowance. If, however, an intangible asset acquired through capital outlay is known from experience to be of value in the business or in the production of income for only a limited period, the length of which can be estimated from experience with reasonable certainty, such intangible asset may be the subject of a depreciation allowance, provided the facts are fully shown in the return or prior thereto to the satisfaction of the Commissioner. No deduction for depreciation, including obsolescence, is allowable in respect of good will. Cohan v. Commissioner, (C. A. 2, 1930) 39 F. 2d 540.