Board of Trade, Inc. v. Commissioner.
Board of Trade, Inc. v. Commissioner
Docket Nos. 345-62, 4113-66.
United States Tax Court
T.C. Memo 1969-58; 1969 Tax Ct. Memo LEXIS 239; 28 T.C.M. (CCH) 337; T.C.M. (RIA) 69058; March 24, 1969, Filed Bernard M. Shotkin, pro se, P. O. Box 2234, Miami Beach, Fla. W. Reeder Glass, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: In these consolidated cases respondent has determined deficiencies and additions to tax in petitioner's Federal income taxes for the calendar years 1957, 1958, 1959, and 1963, in the following amounts: Delin-
Negli-
quency
gence
Penalty
Penalty
Sec.
Sec.
6651
6653
[1](a) [1](a) Year
Deficiency
Amount
Amount
[2] 1957
$5,670.00
$1,417.50
$283.50
[2] 1958
1,530.00
76.50
76.50
[2] 1959
1,554.00
155.40
77.70
[3] 1963
9,242.00
462.10
*241 The issues for decision are: Whether assessments for the calendar year 1957 are barred by the statute of limitations; whether any amounts which petitioner deducted from its gross income or gross receipts were paid, and if so, whether they were allowable deductions under the Internal Revenue Code; whether petitioner suffered net operating losses during the years in issue; whether petitioner filed timely returns for 1957, 1958, and 1959, and if not, whether such failures were due to reasonable cause and not willful neglect; and whether there was an underpayment of taxes for any of the above years due to negligence or the intentional disregard of the rules and regulations under the Internal Revenue Code. Findings of Fact No facts were stipulated to by the parties. The findings below are derived solely from the pleadings and evidence presented at the trial of the instant case. Petitioner is a Florida corporation, having its principal office at the time the petitions in the instant case were filed at Miami Beach, Florida. Its corporate Federal income tax returns for *242 the calendar years 1957, 1958, 1959, and 1963 were filed with the district director of internal revenue at Jacksonville, Florida. The returns were signed by Bernard M. Shotkin, an officer of the corporation, and were received by the district director on the following dates: Year
Date Received
1957
November 20, 1958
1958
April 17, 1959
1959
April 19, 1960
1963
March 16, 1964
On its returns for the years in issue, petitioner reported gross profits of $18,900 and $5,100 for the years 1957 and 1958, respectively, and gross receipts of $5,180 and $28,350 for the years 1959 and 1963, respectively. From the above amounts petitioner deducted the following: 339 Category
1957
1958
1959
1963
Salary and wages
$ 2,100.00
$ 600.00
Rents
1,200.00
$1,800.00
Interest
150.00
732.00
$ 3,268.57
Taxes
296.00
310.00
850.00
10,716.41
Insurance
100.33
101.00
185.00
1,423.73
Payment on loan
9,500.00
Telephone and telegraph
167.17
260.00
229.24
Legal and auditing
934.30
375.00
350.00
4,964.35
Traveling
4,924.91
4,200.00
1,500.00
485.29
Miscellaneous
350.00
562.00
230.00
Auto expenses
575.00
721.35
Advertising
950.00
741.87
Cost of goods sold
10,000.00
Repairs
1,118.85
Business entertainment
665.64
Secretarial service
306.10
Water
71.97
Dues and subscriptions
30.00
Donations
236.25
Office expense
139.33
Parking
9.20
Postage
36.88
Light
193.52
Employees medical
405.21
Brokerage fees
1,000.00
Janitor service
695.00
Taxi
9.75
Tolls
9.10
Damage to real estate - Fort Pierce
5,000.00
Loss - boat purchase and merchandise from bankruptcy sale
1,500.00
Partition suit loss - Vero Beach
4,000.00
Bank charges
30.75
Totals
[4]/ $19,722.71
$ 6,148.00
$7,432.00
$48,008.36
*243 On November 14, 1961, respondent mailed to petitioner his statutory notice of deficiency in Federal income taxes for the calendar years 1957, 1958, and 1959. On April 26, 1966, he mailed to petitioner his statutory notice of deficiency in its Federal income taxes for the calendar year 1963. In the said notices, respondent disallowed all of the above amounts which petitioner deducted on the grounds that it had not been established that the amounts constituted ordinary and necessary business expenses or were expended for the purpose designated. He also determined the additions to tax and the penalties shown above. Opinion For the years in issue, petitioner reported gross profits or gross receipts of $18,900, $5,100, $5,180, and $28,350 for the calendar years 1957, 1958, 1959, and 1963, respectively. From these amounts it deducted items totaling $19,722.71, $6,148, $7,432, and $48,008.36, respectively. In his statutory notices of deficiency respondent disallowed all of the above deductions in their entirety and in addition determined that petitioner *244 was subject to the negligence penalty under section 6653(a) [5] of the Internal Revenue Code for all of the years in issue and was also subject to the delinquency penalty under 340 section 6651(a) [6] for the years 1957, 1958, and 1959. *245 Petitioner denies the existence of any deficiencies and, if we correctly understand the documents filed and the pleadings presented in this matter, contends that it failed to take all the deductions to which it was entitled. It further contends that, under section 6501(a) [7] of the Code, respondent is prevented from assessing it for any deficiencies for the 1957 calendar year. Turning to the statute of limitations question first, we find and hold that the statutory notices in the instant case were all timely. Under section 6501(a), respondent has three years from the date upon which a return is filed to assess the amount of tax imposed by the Code. Under section 6503(a) [8] this period is suspended if respondent has issued his statutory notice of deficiency before the three years has expired. In the instant case, all of the returns in issue *246 were stamped "Received" by the Internal Revenue Service less than three years prior to the issuance of the respective statutory notices under section 6212(a). [9] This includes the return for 1957, which was stamped "Received" on November 20, 1958, while the statutory notice was mailed on November 14, 1961. The date stamped on the return is presumptively correct (see Thomas N. Perkins, 33 B.T.A. 606, 616. 1935)), and petitioner has admitted that the statutory notices were all mailed on the dates shown in the findings of fact. The evidence presented thus establishes that the statutory notices were timely sent and the statute of limitations did not run for 1957 or any other year in issue. Petitioner's contention that a return for 1957 was filed in June of 1958 was unsupported by any substantial evidence and we hold that it was not. *247 No evidence at all was presented as to the source of petitioner's income, or concerning the expenses which were shown on the returns. Though there are some implications in the record to the effect that petitioner did engage in real estate transactions, we have not and cannot make any finding as to the exact nature of its business. The only explanation of the items and amounts shown on the returns as deductions consisted of conclusory statements by Bernard Shotkin, petitioner's president and representative in the instant case, that "they were reasonable." This type of evidence is not sufficient to support a finding that petitioner paid or incurred any deductible expenses. Under such circumstances the rule in Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930), is not applicable, as that rule requires an allowance for deductible expenditures only if there has been proof of a basis for some allowance. We consequently uphold respondent's determination that none of the amounts deducted from petitioner's gross income or gross receipts are deductible. See Aaron Michaels, 12 T.C. 17 (1949); Elizabeth L. Beattie, 6 T.C. 609 (1946), aff'd 159 F. 2d 788 *248 (C.A. 6, 1947); Chesbro v. Commissioner, 225 F. 2d 674 (C.A. 2, 1955), affirming 341 21 T.C. 123 (1953). Similarly, in light of the complete absence of any evidence of additional deductions, we further find and hold that petitioner is not entitled to any. We also uphold respondent's determination of the delinquency penalties under section 6651(a), and for negligence under section 6653(a) of the Code. The returns for the calendar years 1957, 1958, and 1959 were each filed after March 15 of the following year. Under section 6072(b) [10] of the Code, such returns were due on or before March 15, following the close of the calendar year. Thus the returns were filed untimely and, in the absence of evidence showing such failure to have been caused by reasonable cause and not willful neglect, the penalty applies to those years. Petitioner's unsupported contention that it though that corporation returns were due on the same day as individual returns, even if shown, is an insufficient excuse. Eagle Piece Dye Works, 10 B.T.A. 1360 (1928); William E. Adams, 46 T.C. 352 (1966). *249 No evidence at all was presented in regard to the negligence penalty under section 6653(a). Since respondent's determination on this issue is presumptively correct, we uphold his determination that the penalty is applicable for each of the years in issue. Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954. ↩
2. Docket No. 345-62. ↩
3. Docket No. 4113-66.↩
4. Total of amounts reported on return is $19,972.71. The difference is not explained, but apparently is due to a mathematical error.↩
5. SEC. 6653 * * * (a) * * * If any part of any underpayment * * * of any tax imposed by subtitle A * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. ↩
6. SEC. 6651 * * * (a) * * * In case of failure to file any return required under authority of subchapter A of chapter 61 (other than part III thereof) * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.↩
7. SEC. 6501 * * * (a) * * * the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * *, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.↩
8. SEC. 6503. SUSPENSION OF RUNNING OF PERIOD OF LIMITATION. (a) Issuance of Statutory Notice of Deficiency. - (1) General Rule. - The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211 (relating to income, estate, and gift taxes), shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary or his delegate is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter. ↩
9. SEC. 6212. NOTICE OF DEFICIENCY. (a) In General. - If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.↩
10. SEC. 6072. TIME FOR FILING INCOME TAX RETURNS. * * * (b) Returns of Corporations. - Returns of corporations under section 6012 made on the basis of the calendar year shall be filed on or before the 15th day of March following the close of the calendar year, and such returns made on the basis of a fiscal year shall be filed on or before the 15th day of the third month following the close of the fiscal year.↩