## APPEAL OF HENDERSON COTTON MILLS.

Docket No. 5504.   Decided September 30, 1926.

Amounts paid for ordinary repairs are deductible from gross income even though in excess of the annual average.

*W. W. Spalding, Esq.*, for the petitioner.
*William H. Lawder, Esq.*, and *T. M. Wilkins, Esq.*, for the Commissioner.

This appeal is from the determination of deficiencies in income and profits tax for the years 1919 and 1920 of $542.41 and $20,439.91, respectively. The petition alleges error (1) in the computation of invested capital, and (2) in the disallowance of a part of the amounts deducted for repairs to plant and equipment.

### FINDINGS OF FACT.

The petitioner is a North Carolina corporation with offices at Henderson.

In the determination of invested capital for the years 1919 and 1920, the surplus at the beginning of each year was reduced by income and profits tax paid during the year.

In its income-tax returns for the years 1919 and 1920, the petitioner deducted from gross income $13,440.32 and $58,126.96 for repairs to its plant and equipment. Of these amounts the Commissioner disallowed the deductions of $4,360.08 and $23,394.51, respectively, on the ground that they were not expended for repairs and accordingly did not constitute ordinary and necessary business expenses. The petitioner for the year 1919 paid 200 bills for small items which were classified by it as "repair items." The largest bills were for gears which were used in the repair of certain machines. The peti-

tioner admits an error in charging certain items as repairs for the year 1920. In its return for 1920 the petitioner claimed a deduction of $58,126.96 for repairs, $12,662.85 of which was erroneously claimed. The petitioner paid $45,464.11 for ordinary repairs.

### OPINION.

SMITH: In the determination of its tax liability for the years 1919 and 1920 the petitioner computed its invested capital by reducing surplus shown at the beginning of each year by an amount for income and profits tax paid during each year upon income of the preceding year. The petitioner now claims the benefit of the rule laid down in the *Appeal of Guarantee Construction Co.*, 2 B. T. A. 1145. This point must be decided adversely to the petitioner in accordance with section 1207 of the Revenue Act of 1926. *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

The second point relates to a disallowance by the Commissioner of a portion of the amounts deducted from gross income by the petitioner for each of the tax years in question for repairs. The position of the Commissioner upon this point is that the petitioner paid very large amounts for repairs in each of these years and presumably did not use for repairs all of the supplies purchased under that heading, and that certain amounts claimed to have been paid for repairs were for replacements and not for repairs.

The evidence is to the effect that the petitioner took no inventory of supplies used for repair work at either the beginning or the close of either of the tax years. It purchased supplies for repairs only as needed. The difference between the cost of supplies on hand at the beginning of 1919 and at the close of 1920 was not in excess of $200. We are of the opinion that the position of the Commissioner relative to the purchase of supplies for repairs is untenable. During the year 1920 the petitioner was required to expend $3,440.61 for repairs to a reservoir, which was about 75 feet long. The petitioner's coal chute was located next to the reservoir. The wall of the reservoir caved in. At the time of the cave-in there were about ten carloads of coal on hand which was piled along the wall of the reservoir. This coal and the wall fell into the reservoir. It was necessary to scoop out the coal, brick, and mud and to replace the wall next to the coal chute. After the reservoir was placed in a usable condition it was in no better condition than it was in prior to the accident. Upon this evidence we are of the opinion that the amount spent upon the reservoir was for repairs and was an ordinary and necessary expense.

In our opinion the petitioner has fully supported its claim with respect to the deduction from gross income of $13,440.32 for repairs

in 1919, and also its claim to the deduction of $45,464.11 spent for repairs in 1920. Of the amount disallowed by the Commissioner for 1920, $12,662.85 was properly disallowed.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*