*1001 OPINION.
SteRNIíagen:
The overassessments for 1922, attempted to be litigated in Docket Nos. 23378 and 23374, are not within the jurisdiction of the Board and are dismissed from consideration. Cornelius Cotton Mills, 4 B. T. A. 255.
The respondent has included in income for 1920, 1921, and 1923, as interest constructively received, amounts computed as interest upon the unpaid certificates of deposit covering both the period of one year prior to maturity and the years after maturity. All four of the certificates in question were dated April 10, 1919, ran for one year, and provided for interest at 3 per cent for one year only. The certificates are apparently still unpaid and no interest whatever has been paid or credited. There is no evidence of any renewal or modification of the terms of deposit.
The mere circumstance that the certificates were not presented or the deposit withdrawn will not support the inference suggested by respondent that interest was to accumulate and accrue beyond the year, especially as this would be contrary to the express provision on the face of the certificates that “interest ceases at maturity.” So far as appears from the evidence, no right to interest after April 10, 1920, accrued, and to these petitioners, whose income was determinable on the basis of receipts, it clearly can not be said that interest after maturity was received or that tax is to be measured by a constructive receipt. This would, in our opinion, be to carry too far the doctrine of constructive receipt and would introduce unnecessary confusion into the interpretation and administration of section 212. Unless this doctrine of constructive receipt is kept within the penumbra of actual receipt it will invade the field of accrual accounting, and this should not be permitted. No interest for the period beyond the maturity of the certificates should be included in the income.
As to the one year’s interest provided in the instruments, it is our opinion that the respondent properly treated this as constructively received in 1920. It was due and readily available to petitioners on their demand and surrender of the certificates. The original term of the deposit expired in 1920, and although the petitioners were ostensibly required to receive the principal in order to get the interest, practically speaking, this meant only a perfunctory change in the terms of the deposit with the bank. Except for this slight burden, petitioners’ failure to receive the interest was a voluntary and unhampered election on their part, for the bank would have paid *1002 it without doubt. See John A. Brander, 3 B. T. A. 231; Northern Trust Co., 8 B. T. A. 685; Ella C. Loose, 15 B. T. A. 169; Albert J. Sullivan, 16 B. T. A. 1347; Marian Otis Chandler, 16 B. T. A. 1248. The interest on the four unpaid certificates for one year should be included in 1920 income.
The petitioners claim deductions to some extent of the expenditures made for the alterations of the hotel building. We are of opinion the respondent correctly disallowed such deductions. So far as the record shows, this was an entire group of items making up a general improvement and reconditioning of the property. While the characterization of some of the items is such that standing alone or made as periodic repairs they might be deductible as ordinary and necessary expenses, it is impractical from the evidence to make such a detailed classification of the items. Such a classification is not a mere matter of what an item is called, but whether it is a part of the entire capital investment in the improved property. To fix a door or patch plaster might very well be treated as an expense when it is an incidental minor item arising in the use of the property in carrying on business, and yet, as here, be properly capitalized when involved in a greater plan of rehabilitation, enlargement and improvement of the entire property.
Reviewed by the Board.

Judgment will be entered under Rule 50.

Van Fossan dissents on the second point.