## BLACK HARDWARE CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5712.

Circuit Court of Appeals, Fifth Circuit.
March 22, 1930.

Rehearing Denied April 25, 1930.

John David Watkins, of Houston, Tex., for petitioner.

Sewall Key and Harvey R. Gamble, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Prew Savoy, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge.

In this case, the facts are not in dispute. Petitioner is engaged in the hardware business in Galveston, Tex., and owns a three story brick building. Galveston is periodically visited by storms of great violence and in 1919 a committee of business men, in conjunction with United States engineers, recommended that the level of the entire city be raised to a height of approximately 12½ feet above sea level. The plan was never put into effect but petitioner raised the lower floor of his building approximately 4½ feet, which was sufficient to protect it against the highest flood tide. This cost petitioner $13,252 for raising the floor and, in addition, $2,916.06 for remodelling shelving, bins, etc. The expenditures were made in the fiscal year ending June 30, 1920. Petitioner sought to deduct these amounts from its gross income for the year 1920 as an ordinary and necessary business expense. This was disallowed

by the Commissioner of Internal Revenue who determined a deficiency of $11,591 in taxable income. On appeal, the Board of Tax Appeals reached the conclusion that, while the improvements did not prolong the life of the building, nor increase its value as a building, it became more valuable for the use of petitioner in his business, as the improvements are a protection against damage from future storms. The Board held that the raising of the floor and subsequent re-arrangement of the fixtures amounted to improvements and betterments, and should be added to the petitioner's capital investment and not be deducted as business expenses for the taxable year.

We concur in the decision of the Board. Affirmed.