## CONNALLY REALTY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7775.

Circuit Court of Appeals, Fifth Circuit.
March 11, 1936.

A. W. Clapp, of Atlanta, Ga., for petitioner.

Norman D. Keller, Louise Foster, and Sewall Key, Sp. Assts. to the Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and Philip A. Bayer, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

The stipulated facts are that the taxpayer, Connally Realty Company, owned in 1927 and since a building at the corner of Whitehall and Alabama streets in Atlanta, having its main entrance on Whitehall street and five stores fronting on Alabama street adjusted to the descending grade of that street, with access to elevators from both streets. The city of Atlanta greatly raised the level of Alabama street, thereby cutting off access to the building from that street. To meet the change and to use the lower floor space profitably an interior arcade was built, the entrance from Whitehall street was altered, and an entrance from Alabama street at its new level was constructed and the elevators were somewhat changed, all at an outlay of about $35,000. The cost of the Whitehall street alterations were capitalized in the accounts. The city paid net damages of $18,750, and the remaining expense due to the Alabama street alterations of $9,376.47 was charged to the repair account on the company's books and taken as a deduction against income on its tax return for the year 1930. It is further stipulated that the value of the property was not increased by the expenditures in controversy above its value before the street was changed, nor was its life prolonged, nor were its rentals even fully restored in 1930. The Commissioner disallowed the deduction, and added the amount to the depreciation basis and allowed additional depreciation on account of it. The Board of Tax Appeals upheld that action, saying the expenditure was neither an ordinary expense of business nor a repair. This petition for review asserts that the expenditure is an ordinary and necessary expense of business, deductible under Revenue Act of 1928, § 23(a), 26 U.S.C.A. § 23 and note, and not "any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate" which is not deductible under section 24(a)(2), 26 U.S.C.A. § 24 and note.

This outlay of money is not an expense of business likely to happen any year, but was occasioned by an unusual occurrence, one that does not often happen at all. Repairs to a building are necessary, and regarded as ordinary although occasioned in unusual degree by storm, flood, or the like. But this building fell into no disrepair, nor was it physically injured in any way requiring restoration. The city altered its street with detriment to the desirability of portions of the building for rent, but, so far as appears, without touching the building. The outlay was made in an effort to adapt the building to changed surroundings, but not to repair any physical damage to it. The withdrawal of a railroad frontage or the change of a neighborhood from residential to business

222

or the like sometimes requires remodeling or altering buildings to maintain their rentability. These are not ordinary expenses, although necessary, but are additional investments; not repairs, but improvements. If they do not make the property worth more, or to rent for more than before the change of conditions which required the alterations, they make it worth much more than it would be without the alterations. The added investment may forecast a loss, but the loss for income tax purposes is realized only when the building is disposed of. There is here a physical structure representing the investment. The benefit is not limited to the year of the expenditure, but is expected to continue for the life of the property. The expenditure, being considerable, cannot be regarded as an ordinary expense of a single year, but must be treated as an additional capital investment. Black Hardware Co. v. Commissioner (C.C.A.) 39 F.(2d) 460. The petition for review is denied.