**BUCKLAND v. UNITED STATES et al.**

**Civil Action No. 1567.**

District Court, D. Connecticut.

May 7, 1946.

James W. Cooper, of Gumbart, Corbin, Tyler & Cooper, all of New Haven, Conn., for plaintiff.

Adrian W. Maher, U. S. Atty., and Edward J. Lonergan, Asst. U. S. Atty., both of Hartford, Conn., and George Morris Fay, Sp. Asst. U. S. Atty., of Washington, D. C., for defendants.

SMITH, District Judge.

The question presented in this case is whether an expenditure in 1941 in the amount of $3,559.62 should be allowed as a deduction from gross income as an ordinary and necessary expense. The applicable sections of the Internal Revenue Code and of the Treasury Regulations are as follows:

Internal Revenue Code

"Sec. 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

"(a) Expenses.

"(1) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity." 26 U.S.C.A. Int. Rev. Code, § 23 (a) (1).

Treasury Regulations 103, promulgated under the Internal Revenue Code:

"Sec. 19.23(a)–4. Repairs. The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as expense, provided the plant or property account is not increased by the

amount of such expenditures. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, should be charged against the depreciation reserve if such account is kept."

"Sec. 19.23(1)–4. Capital sum recoverable through depreciation allowances. The capital sum to be replaced by depreciation allowances is the cost or other basis of the property in respect of which the allowance is made. (See sections 113(a) and 114 of the Act.) To this amount should be added from time to time the cost of improvements, additions, and betterments, and from it should be deducted from time to time the amount of any definite loss or damage sustained by the property through casualty, as distinguished from the gradual exhaustion of its utility which is the basis of the depreciation allowance. (See section 113 (b) of the Act.) * * *"

The expenditure, claimed as a deduction in this case, was for work on a factory building purchased by the taxpayer in May, 1940.

Sixteen months after the purchase, because of water leaking through the walls and roof, it was decided to make whatever expenditure was necessary to place the building in good condition. In probing the extent of the deterioration of the steel window sash, it was determined to be necessary to break out all the old concrete window sills and replace them after repairing, straightening and painting the steel sash.

Except in very minor respects, the building was merely restored to its original condition by a mending of its larger component parts, using materials similar to those originally incorporated in its construction.

No major unit in the structure was wholly replaced, such as the roof, a wall, a floor. About 80% of the expenditure was for labor, about 20% for material. Yet the total expenditure was large, amounting to 35% of the value of the building.

If the work can be considered incidental repairs, it meets the test of Regulations 103 as the Regulations have been interpreted. It "neither materially added to the value of the property nor appreciably prolonged its life" (beyond its original life expectancy) "but kept it in an ordinarily efficient operating condition."

The defendants' contention appears to be that repairs are not incidental if they are so extensive in total as was the case here, and should more properly be capitalized and charged against the reserve for depreciation. This view seems to have some support in the Amsterdam Theatres Corp. case, 1931, 24 B.T.A. 1161, although there may be implicit in the opinion in that case a finding that the work had prolonged the life of the building beyond its original life expectancy, and in Connally Realty Co. v. Commissioner of Internal Revenue, 5 Cir., 1936, 81 F.2d 221, although that case is also perhaps distinguishable as an alteration rather than a restoration of a damaged fabric.

The Tax Court or its predecessor have, in a number of cases, allowed work of substantial cost to be classified as repairs if the property was not placed in better condition or given a longer life expectancy than when originally constructed. Appeal of Henderson Cotton Mills, 1926, 4 B.T.A. 1212; Claremont Waste Mfg. Co. v. Commissioner, 1945, CCH Fed. Tax Service, Vol. 4, p. 9164, par. 7347M; National Weeklies v. Commissioner, D.C., 1941, 43 F.Supp. 554; Gopcevic v. Commissioner, 1944, CCH Fed. Tax Service, Vol. 3, p. 8784, par. 7843M.

It has allowed such work to be classified as repairs even though other work classified as additions or improvements was undertaken at the same time. Esperson v. Commissioner, 1941, 43 B.T.A. 1209.

It has frequently denied the deduction when the work was undertaken in conjunction with alterations, additions or improvements either because the "repair" items were not clearly segregated from the cost of the improvements, Appeal of Cotton Concentration Co., 1926, 4 B.T.A. 121, Joseph W. Woods & Sons Co. v. Commissioner, 1927, 8 B.T.A. 705, Howard v. Commissioner, 1930, 19 B.T.A. 865, Cochrane v. Commissioner, 1931, 23 B.T.A. 202, Edwin Dumble Co. v. Commissioner, 1927, 9 B.T.A. 591, or because the repairs were part of a general plan of reconditioning,

improving and altering the property as a whole, and were therefore lumped by the Board with the other expenditures as capital. Home News Pub. Co. v. Commissioner, 1930, 18 B.T.A. 1008; Cowell v. Commissioner, 1930, 18 B.T.A. 997.

In the case at bar we have a restoration of damaged fabric, not extending to the replacement of any sizeable unit. In spite of the high cost of the work, the nature of the work fits closely the Board's definition of repair in Appeal of Illinois Merchants' Trust Co., 1926, 4 B.T.A. 103.

"A repair is an expenditure for the purpose of keeping the property in an ordinarily efficient operating condition. It does not add to the value of the property, nor does it appreciably prolong its life. It merely keeps the property in an operating condition over its probable useful life for the uses for which it was acquired. Expenditures for that purpose are distinguishable from those for replacements, alterations, improvements or additions which prolong the life of the property, increase its value, or make it adaptable to a different use."

Defendants' contention appears to be that repairs are only those mendings of the fabric which recur year by year. This is not consistent with the meaning given "ordinary and necessary" in Welch v. Helvering, Commissioner, 1933, 290 U.S. 111, 113, 114, 54 S.Ct. 8, 78 L.Ed. 212. The work done at the instance of the taxpayer was a normal response to the need developed in the course of stopping the leaks in the walls and roof of the factory building, to enable the continuation of the existing use of the building by the taxpayer's tenants.

It is, of course, true that the distinction between the terms used in the Regulations "repair" and "replacement" is one of degree rather than of kind. We must draw the line without too much help from the definition of the two terms. Most repair would necessarily involve substitution of new parts or ingredients for old. If the substitution is of a major unit or structural part of the nature of a floor, wall or roof, or large part thereof, so that the building as a whole may be considered to have gained appreciably in expectancy of useful life, it is a substitution so great in degree that we may well place it on the "replacement" side of the line.

Where the substitutions, though numerous, are of relatively minor proportions of the physical structure and of any of its major parts, even though high in cost, where the building as a whole may not be considered to have gained appreciably in expectancy of useful life over its expectancy when built, it falls more naturally on the "repair" side of the line, consistently with the variously expressed tests applied to the somewhat analogous situations by the courts in applying the sections of the statute and regulations before us.

The plaintiff has sustained the burden of overcoming the presumption of correctness of the Commissioner's decision.

Form of judgment for the plaintiff may be submitted by stipulation or on notice.