THE PHILLIPS AND EASTON SUPPLY COMPANY, PETITIONER *v.* COM-
MISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31617.   Promulgated May 27, 1953.

*Carl T. Smith, Esq.*, for the petitioner.
*David Karsted, Esq.*, for the respondent.

OPINION.

HARRON, *Judge:* Petitioner contends that all of the expense of installing a new floor in its building in 1946, and of moving and reinstalling the fixtures and partitions which rested on the floor, were expenses of keeping its building in efficient, operating condition, and that

the entire expense is deductible under section 23 (a) (1) (A) of the Code. In the alternative, the petitioner contends that the expense of moving and reinstalling the fixtures and partitions is deductible. The respondent has determined that the entire expense is a capital expenditure.

The issue presents questions of fact. One of the questions of fact to be decided is whether the new floor was installed because of the occurrence of an external, physical phenomenon which caused the floor of petitioner's building to suddenly cave in or crack, or which accelerated its deterioration. The petitioner advances a theory that there was an external condition which caused damage to its floor and that this condition made it necessary to put in a new floor in order to permit it to continue the use of its building in its business. In support of its claim that the expense in question is deductible, petitioner relies on the following cases: *American Bemberg Corporation*, 10 T. C. 361, affd. 177 F. 2d 200; *Midland Empire Packing Co.*, 14 T. C. 635; and *Farmers Creamery Co. of Fredericksburg, Virginia*, 14 T. C. 879.

The petitioner has failed to establish that there was an accelerated deterioration of the original floor caused by an external condition. The facts of the above-cited cases are clearly distinguishable and they do not control the issue presented. For example, in the case of *Farmers Creamery Co., supra*, at p. 880, it was found that "The repairs never replaced as much as one-half of any wall, ceiling, or floor * * *." The petitioner attempted to establish that the settling of sand under its building had caused the level of the floor to change and the surface of the floor to crack and cave in at various places. The evidence did not develop this picture of an alleged situation and condition.

The evidence on the whole shows that the old floor wore out; that it had been patched and repaired to such an extent that further patching was not practical; and that the business of petitioner had expanded to include the handling of heavy goods and equipment which the old floor could not support without the effects of the heavier wear entailed. The floor which was replaced was the original floor of the building, and it was 46 years old. Furthermore, the cost or basis of petitioner's building had been fully recovered through depreciation allowances before January 1, 1946, so that the old floor had been completely depreciated.

Section 24 (a) (3) of the Code prohibits deduction for "Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance for depreciation is or has been made"; and section 29.24–2 of Regulations 111 provides that amounts paid for making good the depreciation (for which a deduction has been made) of property are capital expenditures and are not deductible. This statutory prohibition defeats petitioner's claim for deduction of the expenditures in question.

The old floor of petitioner's building was thin and was not reinforced. It was worn out, and, also, it was not strong enough to support the weight of the heavy materials petitioner, before 1946, had introduced into its line of goods. The new floor installed in 1946 was of reinforced concrete; it was thicker than the old floor; it was made for heavy wear. There was replacement of the entire floor, excepting 225 square feet in the rear of the building which had been put in prior to 1946, in about 1943. The evidence shows, clearly, that the new floor represented a replacement and an improvement; and that it was not merely a repair which kept the building in ordinarily efficient, operating condition. See *Illinois Merchants Trust Co., Executor*, 4 B. T. A. 103; and Regs. 111, sec. 29.23 (a)–4. The installation of the new floor was an extensive job, and for practical purposes it amounted to putting in an entire floor, because the 225 square feet of new floor in the rear of the building represented only a small and minor part of the entire floor area. The removal of the old floor and the installation of the new floor was a substantial, structural work. Cf. *Buckland* v. *United States*, 66 F. Supp. 681, 683. The new floor made the building more valuable for the use of the petitioner in its business, particularly because it accommodated the storing, handling, and moving of heavy equipment and inventories. *Black Hardware Co.* v. *Commissioner*, 39 F. 2d 460, certiorari denied 282 U. S. 841; *Amsterdam Theatres Corporation*, 24 B. T. A. 1161.

It is held that the expense of installing the new floor was a capital expenditure.

The petitioner's alternative contention is that the cost of moving and reinstalling the fixtures which rest on the floor is deductible and is not capital expenditure. Petitioner allocates $6,615.77 to this expense.

The contractor did not allocate the total expense between the cost of the installation of the floor and the cost of moving the fixtures, but even though this could be done, the allocation is immaterial. Assuming that the allocation can be made, the expense of moving the fixtures cannot be treated differently than the expense of installing the new floor. This is not a case where repairs were made which were unrelated to the installation of a capital item as was true in *Marble & Shattuck Chair Co.*, 13 B. T. A. 657, affd. 39 F. 2d 393. On the contrary, the moving and the relocating of the partitions, bins, and fixtures were incidental to and a necessary part of removing the old floor and installing the new floor, and the expense thereof was a capital expenditure. The new floor could not have been installed without moving and relocating the fixtures resting upon the floor. *I. M. Cowell*, 18 B. T. A. 997; *Home News Publishing Co.*, 18 B. T. A. 1008; *Ethyl M. Cox*, 17 T. C. 1287.

It is held that the entire expense of $10,653.76 was a capital expenditure.

*Decision will be entered for the respondent.*