REGENSTEIN et al.
v.
EDWARDS (three cases).
Civ.Nos. 1023, 1024, 1025.

United States District Court
M. D. Georgia, Macon Division.
April 1, 1954.

Louis Regenstein, Jr., Smith, Kilpatrick, Cody, Rogers & McClatchey, Atlanta, Ga., for plaintiffs.

Frank O. Evans, U. S. Atty., Macon, Ga., Jack J. Gautier, Asst. U. S. Atty., Macon, Ga., Ethan B. Stroud, Special Asst. to Atty. Gen., Washington, D. C., for defendant.

DAVIS, Chief Judge.

The foregoing cases having been consolidated and having been submitted to the Court without a jury, and evidence having been offered and arguments having been made on behalf of all parties, upon consideration of the pleadings and evidence, the Court makes the following findings of fact and conclusions of law:

## Findings of Fact

1. Plaintiffs are residents of Fulton County, Georgia. Defendant is the personal representative of the Estate of Marion H. Allen, deceased, who was the Collector of Internal Revenue for the State of Georgia at the time the taxes in controversy were assessed and collected. Defendant resides within the Macon Division of the Middle District of Georgia. The taxes in controversy were paid by the plaintiffs to the said Marion H. Allen. These complaints are brought under the laws of the United States for the recovery of income taxes alleged to have been illegally and erroneously collected from the plaintiffs by the defendant for the calendar year 1945.

2. Plaintiffs, Margaret J. Regenstein, Joseph Regenstein, Jr., and Robert S. Regenstein, during the year 1945 and at all other times pertinent hereto, constituted a partnership known as the "Eighty Whitehall Street Partnership". The said partnership was the owner and lessor of a two and one-third story brick building, located at 80 Whitehall Street in Atlanta, Georgia. During the year 1945 the said partnership had certain construction work done on these premises at the cost of Fifteen Thousand Seven Hundred Fifty and No/100 Dollars ($15,750). In the partnership's income tax returns for 1945 this amount was deducted from gross income as an ordinary and necessary business expense, thus reducing the partnership's net income that was reflected in the in-

dividual tax returns of the said plaintiffs for the said year 1945. The Collector of Internal Revenue, on audit of the income tax returns, disallowed the deduction of this amount and required that the amount be capitalized as a capital improvement, thereby increasing the partnership's net income by the said amount of $15,750, and the taxable share of each of the said partners. As a consequence, additional income taxes for 1945 were assessed against and paid by the said plaintiffs, as follows:

Margaret J. Regenstein—$3,780.00 tax, plus $1,304.10 interest, paid on December 12, 1951.

Joseph Regenstein, Jr.—$907.51 tax, plus $313.09 interest, paid on December 12, 1951.

Robert S. Regenstein—$1,242.93 tax, plus $428.81 interest, paid on December 12, 1951.

3. Said plaintiffs duly filed timely claims for refund for the aforesaid amounts in accordance with law, which claims have not been allowed and more than six (6) months have elapsed between the date of their filing and the date of filing the complaints herein.

4. The sole question involved in these cases is whether the amount of $15,750 expended by the said partnership for construction work on the premises at 80 Whitehall Street, in Atlanta, Georgia, in 1945, is deductible from gross income as a repair, or whether it should be capitalized as a capital improvement to the premises.

5. Since December 6, 1934, the premises at 80 Whitehall Street have been occupied under lease by the J. Regenstein Company, which operates on the premises a retail ladies specialty shop. The first two floors of the building, during this entire period of time, have been used for selling purposes, and the partial third floor has been used as an office for the accounting and bookkeeping departments of the tenant. On September 8, 1944, the tenant and the owner of the property entered into a new lease, which extended the term of occupancy for a period of fifteen (15) years, beginning February 1, 1945. At this time all parties concerned considered the third floor of the building to be safe for occupancy and adapted for use as an office.

6. From the time the J. Regenstein Company originally occupied the said building in 1934 up to about September 1, 1945, there was no material change in the manner in which the third floor was occupied and used by it.

7. On about September 1, 1945, the floor of the third story of the building separated from the wall, sagged and created a serious danger of imminent collapse. The tenant notified the owner of the building of the danger and demanded that the building be made safe for occupancy.

8. The owner of the building, the said partnership, employed a contractor, the Tri-State Construction Company, for the purpose of making the premises safe for occupancy and restoring the premises to their former condition.

9. The said contractor, at the demand of the tenant, temporarily braced and supported the third floor so that the tenant's business could continue while the work progressed. The work of the contractor was done on weekends and other times when the store was not open for business. This increased the cost of the work. The work consisted in the installation of six steel columns, extending from a base in the basement of the building up to the third floor. On top of these columns, steel cross-beams were placed to support the third floor. The contractor also restored the damage done by it in the process of installing the aforesaid steel columns and steel cross-beams under the floor of the third story of the building.

10. The manner in which the contractor supported the third floor was approved by engineers employed by the tenant and the owner of the building for that purpose. The general plan was also approved by the City Building Inspector, who required the use of steel for the columns and cross-beams.

11. When the work was completed the premises were restored to substantially the same appearance and condition as existed prior to September 1, 1945. The premises have been used for the same purposes and in substantially the same manner as the premises had been used prior to September 1, 1945.

12. The result of the aforesaid work on the said premises was to restore the premises to their prior condition without in any material way changing the use to which the premises were adapted and without increasing the value of the premises and without prolonging the expected economic life of the building as a whole.

13. The work was made necessary by the unexpected occurrence of an event creating a serious danger to life and to property. The purpose and the effect of the work was to render the premises safe and to restore them to their former condition.

## Conclusions of Law

1. The Court has jurisdiction of the parties and of the subject-matter.

2. During the year 1945 the "Eighty Whitehall Street Partnership" expended the sum of $15,750 as an ordinary and necessary expense to repair premises owned by it at 80 Whitehall Street, in Atlanta, Georgia. The said sum is deductible from gross income in the computation of the net income of the "Eighty Whitehall Street Partnership" for the said year.

3. Marion H. Allen, now deceased, as Collector of Internal Revenue, illegally and erroneously collected from plaintiffs the deficiency set forth in the findings of fact.

4. Plaintiffs are entitled to judgment in accordance with these findings of fact and conclusions of law, and judgment will be entered according thereto.

5. The Defendant is entitled to a certificate of probable cause.

## Judgment

Findings of Fact and conclusions of law having been entered herein,

It Is, Thereupon, Considered, Ordered and Adjudged that the plaintiffs, Mrs. Margaret J. Regenstein and Estate of Joseph Regenstein, Deceased, Robert S. Regenstein, Louis Regenstein, Margaret J. Regenstein, and Louis Regenstein, Jr., Executors, do have and recover of the Defendant, W. Sam Edwards, as Administrator of the Estate of Marion H. Allen, deceased, former Collector of Internal Revenue, the principal sum of $5,084.10, with interest from December 12, 1951, to a date preceding the date of the refund check by not more than thirty days.

It Is Further Considered, Ordered and Adjudged that the plaintiff, Joseph Regenstein, Jr., do have and recover of the defendant, W. Sam Edwards, as Administrator of the Estate of Marion H. Allen, deceased, former Collector of Internal Revenue, the principal sum of $1,220.60, with interest from December 12, 1951, to a date preceding the date of the refund check by not more than thirty days.

It Is Further Considered, Ordered and Adjudged that the plaintiffs, Robert S. Regenstein and Mrs. Jean Belcher Regenstein do have and recover of the Defendant, W. Sam Edwards, as Administrator of the Estate of Marion H. Allen, deceased, former Collector of Internal Revenue, the principal sum of $1,671.74, with interest from December 12, 1951, to a date preceding the date of the refund check by not more than thirty days.

The Court hereby certifies that there was probable and reasonable cause for the act of Marion H. Allen, deceased, then Collector of Internal Revenue, in demanding and collecting from plaintiffs the Internal Revenue tax, for the refund of which this judgment is entered.

So Ordered, this the 1st day of April, 1954.