TOLEDO HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 15054.

United States Court of Appeals Sixth Circuit.

June 6, 1963.

---

James F. Kennedy, Jr., Toledo, Ohio, Marshall, Melhorn, Bloch & Belt, Arnold F. Bunge, Sr., Toledo, Ohio, on brief, for appellant.

Joseph Howard, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Earl J. Silbert, Attorneys, Department of Justice, Washington, D. C., Merle M. Mc-Curdy, U. S. Atty., John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, on brief, for appellees.

Before MILLER and O'SULLIVAN, Circuit Judges, and PRETTYMAN,* Senior Circuit Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

This is an action for the refund of Federal income taxes paid for the years 1952, 1953, and 1954.

During the taxable years involved, The Home Building and Savings Company, an Ohio corporation, operated a perpetual building and loan association under the laws of Ohio. In February 1959 it converted to a federal savings and loan association and as a result, became the Toledo Home Federal Savings and Loan Association, the plaintiff herein.

During the years in question the taxpayer set aside in its legal reserve the following amounts, part of which, as hereinbelow indicated, represented the minimum statutory amount required by Ohio law.

| Year | Amount set aside | Minimum amount required |
|------|------------------|-------------------------|
| 1952 | $150,088.90 | $15,372.36 |
| 1953 | 83,974.78 | 19,308.96 |
| 1954 | 100,000.00 | 16,339.00 |

In its tax returns for these years the taxpayer claimed as deductions the minimum amounts required by Ohio law to be added to its legal reserve as above set out. The deductions were disallowed by the Commissioner. The plaintiff paid the resulting deficiencies, and filed claims for refunds, which were disallowed by the Commissioner. This action followed. Other issues which were raised by the taxpayer in the District Court are not before us on this review.

Prior to January 1, 1952, building and loan associations generally were exempt from Federal income tax. Section 101 (4) Internal Revenue Code, 1939. This exemption was removed in 1951.

Prior to 1951 Section 23(k) (1) provided: "In computing net income there shall be allowed as deductions: * * * Debts which become worthless within the taxable year; or (in the discretion of the Commissioner) a reasonable addition to a reserve for bad debts; * * *."

The 1951 amendment in removing the exemption added to the above the following: "In the case of * * * a domestic building and loan association, * * *, the reasonable addition to a reserve for

---

*Sitting by designation from the District of Columbia Circuit.

bad debts shall be determined with due regard to the amount of the taxpayer's surplus or bad debt reserves existing at the close of December 31, 1951." It also provided that the reasonable addition to a reserve for bad debts shall be determined by the taxpayer, except that the amount determined by the taxpayer "shall not be greater than * * * the amount by which 12 per centum of the total deposits or withdrawable accounts of its depositors at the close of such year exceeds the sum of its surplus, undivided profits, and reserves at the beginning of the taxable year."

As of January 1, 1952, 1953, and 1954, respectively, taxpayer's surplus, undivided profits, and reserves were in excess of 12 per cent of its total deposits and withdrawable accounts as of December 31, 1952, 1953, and 1954, respectively. The experience of savings and loan associations for the period between 1930 and 1954 indicated an average loss ratio in the neighborhood of .009. The loss ratio of the taxpayer was lower than the national average for this period.

The District Judge ruled that in the absence of loss experience warranting the accumulation of larger reserves, a domestic savings and loan association may not deduct additions to its reserve for bad debts where surplus, undivided profits, and reserves at the beginning of the taxable year exceeded 12 per centum of its total deposits and withdrawable accounts at the end of the taxable year. He rejected the plaintiff's contentions that it was entitled to take as a deduction "a reasonable addition to a reserve for bad debts" without the limitation provided by the 12 per cent formula, which it contended applied only to "solvency" reserves, which were different from "bad debt" reserves. He held that the plaintiff was entitled to no recovery on this issue in the case. His discussion of the issue and his reasons for the ruling are stated in his opinion in the case, which is reported at Toledo Home Federal Savings & Loan Association v. United States, 203 F.Supp. 491, N.D.Ohio, to which reference is made.

We do not agree with the construction given by the plaintiff to Section 23(k) (1) as amended, which we think ignores the plain wording of the statute. We are of the opinion that the 12 per cent formula is applicable. See Section 30.74, Mertens Federal Income Taxation. We concur in the ruling of the District Judge and his reasons therefor.

The judgment is affirmed.