**Prentiss M. BROWN, Jr. and Margaret D. Brown, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 28967.**

United States District Court,
E. D. Michigan, S. D.

May 8, 1970.

Justin C. Weaver, Edward B. Harrison, Leon R. Jones, Fischer, Sprague, Franklin & Ford, Detroit, Mich., for plaintiffs.

Johnnie M. Walters, Asst. Atty. Gen., Tax Division, David A. Wilson, Jr., Chief, Refund Trial Section No. 1, Donald R. Anderson, Daniel P. Mullarkey, Attys., Dept. of Justice, Washington, D. C., James H. Brickley, U. S. Atty., Harold Hood, Asst. U. S. Atty., Detroit, Mich., for defendant.

### OPINION AND ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

LEVIN, District Judge.

This is an action for the recovery of taxes paid. The issue is whether $58,337.86 expended by plaintiffs for legal fees during the years 1959–62 are deductible as expenses incurred for the production or collection of income, or for the management, conservation, or maintenance of property held for the produc-

tion of income. Int.Rev.Code of 1954, § 212. Both parties have moved for summary judgment. The pertinent facts to be considered on these motions are as follows.

Plaintiff Margaret D. Brown [1] owned four hundred shares of common stock of Dolese Bros. Co., a closely held Delaware corporation. The rest of the stock was owned by other members of her family. Her brother Roger Dolese (hereinafter referred to as Roger) was president of the corporation and the only stockholder taking an active part in the management of the corporation. Beginning in 1953, Roger and his wife went to Europe and traveled extensively, living on a lavish scale. Other members of the family became concerned about Roger's apparent abandonment of the management of Dolese Bros. and about Roger's apparent drawing of large sums of money from the corporation.

Plaintiff's mother discussed the matter with Roger and suggested that the family sell all of its stock in Dolese Bros. to outside interests. Roger indicated that he was not interested in selling his stock, and he and his mother arrived at tentative terms for the sale of all of the stock in Dolese Bros. to Roger.

Roger sent a letter to all of the stockholders in Dolese Bros., setting forth the terms upon which he would agree to purchase the stock held by the other stockholders. [2] Plaintiff alleges that she could not understand the complex proposals. She was particularly concerned about statements in the letter to the effect that Roger was the sole owner of the stock of the Dolese Company which she thought was a subsidiary of Dolese Bros. Co. She retained the services of Fischer, Sprague, Franklin & Ford, a law firm in Detroit, to obtain the facts and to advise her in this matter.

After extensive investigation, it was the conclusion of plaintiff's attorneys that Roger had defrauded plaintiff and other Dolese Bros. Co. shareholders by transferring a substantial portion of the Dolese Bros. assets to the Dolese Company. When the negotiations for the return of the assets to Dolese Bros. failed, plaintiff brought a derivative action against Roger in the Delaware Court of Chancery for New Castle County. The purpose of the suit was to recover for Dolese Bros. Co. and for its stockholders "assets and property of said corporation wrongfully converted and misapplied by Roger, and profits in a large amount gained by Roger from the use of said assets and property." Roger's motion to dismiss was denied by the Court of Chancery, Brown v. Dolese, 38 Del.Ch. 471, 154 A.2d 233 (1959). The Supreme Court of Delaware affirmed the lower court opinion. Dolese Bros. Co. v. Brown, 39 Del.Ch. 1, 157 A.2d 784 (1960).

Subsequently, Roger reached an agreement with plaintiff and the other plaintiffs in the derivative action in settlement of that action. Under the terms of the settlement, plaintiff agreed to sell to Roger her four hundred shares of stock in Dolese Bros. Co., and Roger agreed to purchase the shares at a price and at terms substantially more advantageous to plaintiff than originally offered in Roger's letter to the stockholders. [3]

---

1. Prentiss M. Brown, Jr. is a plaintiff in this action solely because he signed joint income tax returns with his wife. Hereinafter "plaintiff" will refer to Margaret D. Brown only.

2. There apparently were differences between the terms agreed upon by Roger and his mother, and the terms proposed in the letter to the stockholders. These differences are not of any significance to this present action.

3. The original proposal provided for purchase of the stock for $2000 per share with $611.10 down and the rest payable over ten years with interest at less than 3%. The terms of the settlement provided for the purchase of the stock in exchange for fifteen-year debentures at the rate of $3600 in debentures per share of stock. The debentures paid interest at the rate of 6% per year. Additionally, plaintiff was entitled to vote, to be a director, and to receive financial statements.

Plaintiff contends that the legal fees paid to her attorneys in connection with the aforementioned matters are deductible from her income as expenses incurred for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. Int.Rev. Code of 1954, § 212. Defendant contends that these expenses are not deductible from income. The defendant contends that these expenses were incurred in defending or perfecting title to property, Treas.Reg. § 1.212–1; in improving property, Int.Rev.Code of 1954, § 263; or in selling the property.

■ Defendant's argument that all of the litigation expenses were incurred in the defense or perfection of title to property is without merit. The title to plaintiff's property was never in question. The expenses were incurred in the prosecution of a derivative action to effect a return of assets to Dolese Bros. Co. In none of the cases cited by the Government was this situation presented.

■ In effect, the defendant is contending that the corporate entity should be ignored. The stockholder and the bona fide corporation are generally accorded separate identities for tax purposes. See, Moline Properties, Inc. v. Commissioner of Internal Revenue, 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499 (1943); Mertens, Law of Federal Income Taxation, § 17.05. No justification for the ignoring of the corporate entity in this situation has been advanced by the defendant. Nor is there a justification apparent to the Court.[4] One of the hallmarks of the corporate entity is the ownership of particular assets by the corporation and not the stockholders. The stockholder has no ownership interests in particular assets. The stockholder is solely concerned with the value of his stock as a reflection of the value of the bulk of corporate assets. The concern of the plaintiff in bringing the derivative action can properly be said to be with the value of her stock rather than the title of particular assets.

The defendant argues that if the litigation expenses were not incurred in the defense or perfection of title, they were incurred to increase the value of property and are therefore nondeductible. Int.Rev.Code of 1954, § 263(a). Section 263(a) provides that no deduction shall be allowed for "permanent improvements or betterments made to increase the value of any property." The expenses were not designed to result in "permanent improvements or betterments" but to result in the restoration of the value of the stock. Cf. Toledo Home Federal Savings and Loan Ass'n v. U. S., 203 F. Supp. 491 (N.D.Ohio 1962), aff'd on other grounds 318 F.2d 292 (6th Cir.1963); Regenstein v. Edwards, 121 F.Supp. 952 (M.D.Ga.1954); Buckland v. U. S., 66 F.Supp. 681 (D.Conn.1946). In other words, the purpose of the litigation expenses was not to add value which was not there before, but to reinstate value which had been lost.

■ The remaining issues, whether the legal fees were incurred in the production of income or for the management, conservation, or maintenance of income producing property, as the plaintiff claims, or whether the fees were incurred incident to the sale of the stock, as the defendant claims, present issues of fact. The standard to be applied in resolving these factual issues is based on the origin and character of the claims, incident to which legal expenses were incurred. Woodward v. Commissioner of Internal Revenue, 397 U.S. 572, 90 S.Ct. 1302, 25 L.Ed.2d 577 (1970); therefore

It is hereby ordered that both motions for summary judgment be, and the same hereby are denied.

---

4. The Court is not unmindful that different tax results may occur simply by changing the form of a settlement. Different results are not uncommon when both a non-corporate and a corporate taxpayer are involved in the same transaction.