HOME NEWS PUBLISHING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22474.   Promulgated February 3, 1930.

*W. Morton Carden, Esq.*, for the petitioner.
*D. A. Taylor, Esq.*, and *J. M. Morawski, Esq.*, for the respondent.

**OPINION.**

TRAMMELL: The petitioner contends that the amount of $1,550.26 paid to the structural engineer and the amount of $3,685.56 paid to the carpenter contractor do not constitute capital expenditures but were repairs and as such are allowable deductions.

The question presented is one of fact. If the expenditures were for replacements, alterations, improvements and additions they must be capitalized. *Illinois Merchants Trust Co., Executor,* 4 B. T. A. 103; *H. S. Crocker Co.,* 15 B. T. A. 175.

The evidence shows that all the work for which the expenditures were made was pursuant to a general plan of reconditioning and improving and altering the property as a whole to make it suitable for the petitioner's purposes. As such we think the expenditures were of a capital nature and not deductible as expense. See *H. S. Crocker Co., supra; Leedom & Worrall Co.,* 10 B. T. A. 825; *Foer Wall Paper Co.,* 9 B. T. A. 377.

While certain portions of the work done may, standing alone, have properly been classified as repairs, all the work was a part of the same general scheme, and we do not believe under the facts that certain particular items should be separated and classified as repairs. *I. M. Cowell,* 18 B. T. A. 997.

*Judgment will be entered for the respondent.*