Pearl PAGE, Plaintiff,

v.

E. F. KELM, also known as Elmer F. Kelm, Internal Revenue Collector for the District of Minnesota, Defendant.

No. 4089.

United States District Court, D. Minnesota, Fourth Division.

Feb. 4, 1955.

M. C. Tschida, Minneapolis, Minn., for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Paul S. McMahon, Sp. Assts. to Atty. Gen., George E. MacKinnon, U. S. Atty., Alex Dim, Asst. U. S. Atty., St. Paul, Minn., for defendant.

DEVITT, District Judge.

The question here presented is whether the sum of $3,991.06 expended by the plaintiff taxpayer during the year 1946 for work performed on an elevator in a hospital building she owned is deductible as a business expense under the provisions of § 23(a) (1) (A) of the Internal Revenue Code, 26 U.S.C.A., or whether the expenditure constitutes a capital outlay recoverable through depreciation over a number of years.

This action is for recovery of $1,696.55 with legal interest thereon representing deficiency income tax and interest assessed against and paid by the taxpayer.

It appears that during 1941 the plaintiff purchased a three-story hospital building equipped with an elevator and used the structure as a convalescent home. During the year 1946 the elevator became worn and broken. She engaged the Arno Elevator Company to put the elevator back in working condition. Mr. Hugo Hillstedt, President and Treasurer of the company, testified that there was a leak in the piston due to deterioration and erosion. He said that an effort was made to repair it by pouring concrete into the piston but this was unsuccessful. The elevator worked under a water hydraulic system no longer used in modern elevators. The Arno Elevator Company installed an oil hydraulic unit in place of the water pressure system and installed other new equipment.

Victor H. Lind, Minneapolis City Elevator Inspector, testified that it was practically impossible to repair the outmoded water pressure system to comply with the present State and Municipal Safety Codes and that it was almost impossible to obtain new parts. He listed the details of the changeover that was made as follows: new cylinder and plunger, new power unit consisting of motor and pump, new controller, electric button control substituted for the old fashioned hand cable control, new door locks, new conduits and wiring and a new 6 x 8 foot housing to install the motor and pump in an outside structure adjacent to the hospital.

The Collector of Internal Revenue maintains that the work performed on the elevator was a capital expenditure rather than a business expense and hence was not deductible for the taxable year in question. The Internal Revenue Code, § 23(a) (1) (A), provides that in computing net income the taxpayer may deduct

"All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *." 26 U.S.C.A. § 23.

Treasury Regulation 111 provides as follows:

"Sec. 29.23(a)–4. Repairs.—The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as expense, provided the plant or property account is not increased by the amount of such expenditures. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, should be charged against the depreciation reserve if such account is kept."

The question involved is one of fact. Numerous cases on the question of repairs as compared to capital expenditures have been decided. None have been found which are directly in point,

but the guiding principles are stated in Illinois Merchants Trust Co. v. Commissioner, 4 B.T.A. 103, 106, where it is said that:

"To repair is to restore to a sound state or to mend, while a replacement connotes a substitution. A repair is an expenditure for the purpose of keeping the property in an ordinarily efficient operating condition. It does not add to the value of the property, nor does it appreciably prolong its life. It merely keeps the property in an operating condition over its probably useful life for the uses for which it was acquired. Expenditures for that purpose are distinguishable from those for replacements, alterations, improvements, or additions which prolong the life of the property, increase its value, or make it adaptable to a different use. The one is a maintenance charge, while the others are additions to capital investment which should not be applied against current earnings."

An Eighth Circuit decision of some pertinance is Nelson v. Commissioner of Internal Revenue, 184 F.2d 649, where, in reviewing a Tax Court decision, it was held that the evidence warranted a finding that expenditures of $976.98 in office improvements which were attached to the realty upon installation and became permanent fixtures having a useful life of several years, were a capital expenditure recoverable through depreciation over the asset's useful life of several years rather than a business expense deductible in the taxable year.

In accordance with the principles stated in the regulation, it appears that the repairs were "in the nature of replacements" and did "arrest deterioration and appreciably prolong the life of the property * * *."

Witness Lind answered in the affirmative when asked if he would label the expenditures as a "repair job," but further categorized the expenditures as resulting in an "improvement" and a "betterment." He said that the repairs brought the elevator "back to life."

 The line between business expense on the one hand and capital improvements on the other is a fine one and not always capable of discernment. But here the expenditures clearly constituted a replacement of the modern oil system for the old fashioned water system resulting in a long-range improvement which added to the value of the property. This is a capital expenditure, not just a maintenance change. The Collector of Internal Revenue was correct in so assessing the additional tax for the year 1946.

Findings and order for judgment may be prepared accordingly.

An exception is allowed.