Joseph Merrick JONES and Eugenie Penick Jones, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 16088.

United States Court of Appeals Fifth Circuit.

March 21, 1957.

Rehearing Denied May 3, 1957.

George Denegre, New Orleans, La., for petitioners.

George F. Lynch, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Atty., Helen A. Buckley, Atty., John Potts Barnes, Chief Counsel, John M. Morawski, Special Atty., Internal Revenue Serv., Washington, D. C., for respondent

Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

Joseph Merrick Jones, herein called the taxpayer, acquired title to property known as 621 St. Peter Street, in the City of New Orleans, through the liquidation of a corporation of which he was the sole stockholder. It is situated in the Vieux Carre section or French Quarter in proximity to St. Louis Cathedral. This area is the historical part of the City and the square in which the property is located is said to be the most historical one in the area. On the premises is a three-story building. The ground floor had been rented for mercantile purposes and the second and third floors were divided into small residential apartments.

Before the property was acquired by the taxpayer, it had been found by the State Fire Marshal to be unfit for habitation. Architects recommended that the taxpayer demolish the building. Ordinances of New Orleans, C.C.S. No. 14,538 and C.C.S. No. 15,085, enacted pursuant to Art. 14, Sec. 22A of the Louisiana Constitution, LSA, provided for the Vieux Carre Commission and gave to it the authority to determine whether or not a building in the Vieux Carre could be demolished. Because of the architectural and historical value of the building, the Commission refused to permit the structure to be razed. The taxpayer then undertook to put the building into such condition as would permit

it again to be used and be productive of income. He was unable to get the work done on any basis other than cost-plus. The work consisted, primarily, of filling cracks in the masonry and repointing all brick work, replacing unsafe rafters, waterproofing the exterior walls, replastering and repainting. The roof, plumbing equipment and electrical equipment were overhauled and, in part replaced. The floors were leveled. Where possible, the old materials, flooring and roof tiles were used. The interior arrangement of the building was not changed except for the building of a closet into each of the apartments. Air-conditioning equipment was installed. The work was done in 1950. The taxpayer procured the release of the property from Rent Controls.

The taxpayer expended in the undertaking the sum of $48,819.95. Of this sum the taxpayer, in the Federal income tax return filed by him and his wife for 1950, treated $17,307.59 as being laid out for permanent improvements. This amount had been disbursed for air conditioning, new fixtures, the new closets, and the painting and plastering costs incurred in connection with these parts of the project. The remaining amount, $31,512.36, was treated as an expense deduction representing the cost of repairs. These deductions were disallowed by the respondent Commissioner of Internal Revenue, he asserting that all of the amounts represented capital expenditures. A deficiency was proposed by the Commissioner as a result of the disallowance of the claimed deduction for repairs. The taxpayer sought a redetermination by the Tax Court of the proposed deficiency. The Tax Court, in an opinion reported at 24 T.C. 563, and a decision in accord with the opinion, sustained the Commissioner in the disallowance of the deducton. Before us for review is the Tax Court's decision.

The applicable provision of the Internal Revenue Code is:

"In computing net income there shall be allowed as deductions:
. . * * *

"All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity." I.R.C. 1939, § 23(a) (1) (A), 26 U.S.C.A. § 23(a) (1) (A).

With respect to items not deductible, the statute provides:

"In computing net income no deduction shall in any case be allowed in respect of—
* * * * * *
"Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate, * * *". I.R.C.1939, § 24 (a) (2), 26 U.S.C.A. § 24(a) (2).

Pertinent to the problem are these sections of the Regulations which were promulgated pursuant to and implement the statute:

"Business expenses deductible from gross income include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business, except the classes of items which are deductible under sections 23(b) to 23(z), inclusive, and the regulations thereunder. Double deductions are not permitted. Amounts deducted under one provision of the Internal Revenue Code cannot again be deducted under any other provision thereof." Reg. 111, § 29.23(a)–1.

"The cost of incidental repairs which neither materially add to the

value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as expense, provided the plant or property account is not increased by the amount of such expenditures. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, should be charged against the depreciation reserve if such account is kept." Reg. 111, § 29.23(a)–4.

"Amounts paid for increasing the capital value or for making good the depreciation (for which a deduction has been made) of property are not deductible from gross income. (See section 23(1).) Amounts expended for securing a copyright and plates, which remain the property of the person making the payments are investments of capital. The cost of defending or perfecting title to property constitutes a part of the cost of the property and is not a deductible expense. The amount expended for architects' services is part of the cost of the building." Reg. 111, § 29.24–2.

"Whether and to what extent", the Supreme Court has said, "deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." New Colonial Ice Co., Inc., v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 790, 78 L.Ed. 1348; Interstate Transit Lines v. Commissioner, 319 U.S. 590, 63 S.Ct. 1279, 87 L.Ed. 1607. It is then to be noted that the Regulations do not provide that the cost of every repair may be deducted, but only "incidental repairs which neither materially add to the value of the property nor appreciably prolong its life". The taxpayer, with painstaking care, reviews each of the items of work done and undertakes to show that they, severally, are repair items. From this he reasons that if the parts are repairs the whole can not be otherwise. Whether or not the initial

premise be sound we do not think the conclusion follows. The problem has been set forth and the rule has been stated in these words:

"The difficulty inherent in determining the character of a particular expenditure is illustrated by the fact that a particular item, standing alone or made as periodic repairs, might be deductible as an ordinary and necessary business expense, but if made as a part of an entire capital investment in the improved property, may be treated as a capital expenditure." Mertens, Law of Federal Income Taxation, § 25.41.

The distinction between deductible repairs and nondeductible disbursements has been well stated by the Board of Tax Appeals which has said:

"A repair is an expenditure for the purpose of keeping the property in an ordinarily efficient operating condition. It does not add to the value of the property, nor does it appreciably prolong its life. It merely keeps the property in an operating condition over its probable useful life for the uses for which it was acquired. Expenditures for that purpose are distinguishable from those for replacements, alterations, improvements or additions which prolong the life of the property, increase its value, or make it adaptable to a different use." Illinois Merchants' Trust Co., Executor, 4 B.T.A. 103. See Cowell v. Commissioner, 18 B.T.A. 997; Home News Publishing Co. v. Commissioner, 18 B.T.A. 1008; Phillips and Easton Supply Co. v. Commissioner, 20 T.C. 455; Red Star Yeast and Products Co. v. Commissioner, 25 T.C. 321; Buckland v. United States, D.C.Conn. 1946, 66 F.Supp. 681; Page v. Kelm, D.C.Minn.1955, 128 F.Supp. 14.

Of course the Treasury Department cannot, by its regulations, limit the provisions of the statute, Hel-

vering v. Powers, 293 U.S. 214, 55 S.Ct. 171, 79 L.Ed. 291, but the regulations must be sustained unless unreasonable and inconsistent with the legislative enactments, Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831. We do not find any inconsistency between regulation and statute in the case before us. The statute permits deductions which are both ordinary and necessary. There is not and probably cannot be any exact definition of the term "ordinary and necessary" and each case must be determined on the basis of its own facts and circumstances. Mertens, Law of Federal Income Taxation, § 25.09.

■ As the taxpayer said in seeking a release of the property from rent controls, the work done "was more like the reconstruction of a building gutted by fire than ordinary repairs to old apartments". If the taxpayer had obtained permission to do so, and had followed his architect's recommendations, he would have demolished the structure and rebuilt it. Since he was unable to obtain the requisite permission the taxpayer rebuilt the structure without having demolished it. In discussing the economic detriment of compliance with the requirements of the Vieux Carre Commission, the taxpayer points to the testimony of one of his witnesses who said:

> "He is actually paying a tax for the public interest, the City of New Orleans interest, by the preservation of this old area. But the owner himself does not benefit. He is forced to do things which no prudent owner would do in the manner in which he is forced to do it, and that sums up the whole situation."

We need only to observe that the United States cannot share with the taxpayer the cost of compliance with the provisions he finds onerous.

The disputed cost items were not for repairs, but were rather for replacements and not subject to deduction as expenses. We are in accord with the Tax Court's decision and it is

Affirmed.