**M. A. STOELTZING and Margaret M. Stoeltzing, His Wife, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 12689.

United States Court of Appeals Third Circuit.

Argued Jan. 5, 1959.

Decided May 6, 1959.

---

Harland I. Casteel, Pittsburgh, Pa., (Paul R. Jenkins, Campbell, Casteel & Thomas, Pittsburgh, Pa., on the brief), for petitioners.

Arthur I. Gould, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys, Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, Chief Judge, and GOODRICH and STALEY, Circuit Judges.

BIGGS, Chief Judge.

The taxpayers, the Stoeltzings, husband and wife, purchased a building in Pittsburgh. The total purchase price was $18,331.27. Of this sum $7,060.36 was assigned to the cost of the land, and the balance, $11,270.91, was ascribed to the cost of the building. Stoeltzing had been a manufacturers' representative and had had offices in down-town Pittsburgh. Two of the reasons for purchasing the building were Stoeltzing's desire to relocate his business office and to secure parking space for his customers and employees.

The building when purchased was in a bad state of repair. Windows were broken and window sashes were imperfect. The electric wiring and the plumbing and heating systems required replacement. Floors sagged in some places. Plaster had fallen or was loose. Roof sheathing had to be patched; rotting slate had to be replaced and a leaking skylight covered. Masonry work was required for walls had to be pointed. The building was insulated where necessary to obviate drafts. Window screens were installed. The cellar was full of rubbish and this was collected and carted away. The cellar was deepened to accommodate a new furnace. Many other repairs and rearrangements were made as set out in the next paragraph.

It is conceded that Stoeltzing expended $22,182.01 in 1952, the taxable year in issue, in renovating the building and rendering it suitable for his purposes. Of this amount Stoeltzing determined that $4,602.32 should be capitalized and the balance, $17,579.69, should be expensed for federal income tax purposes. The sum referred to, $17,579.69, consisted of the following items: (1) Construction of cement steps at both the front and rear of the building, a concrete landing and a cement driveway. (2) Removal of rubbish from the basement and rear of the building. (3) Lumber used for joists, shoring up parts of the first and second floors, basement doors, flooring, trim, replacement of rotted-out front and rear doors, and roof and gutter patching. (4) Replacement of electrical wiring. (5) Removal of old plumbing and wallpaper. (6) Installation of new roof, window screens, wall covering, acoustical ceiling, and weatherstripping. (7) Painting of gutters, outside brick work, and inside trim. (8) Plastering. (9) Insulation. (10) Carpenter work.

The Tax Court upheld the Commissioner's determination, disallowing the deduction by Stoeltzing of the amount of $17.579.69.[1] The Commissioner ruled that these "expenditures represent capital expenditures for rehabilitating, reconditioning, and reconverting for commercial purposes improvements on real estate". He thereupon capitalized the items and depreciated the totality for a period of forty years. For the taxable year in question, 1952, the Commissioner assessed an income tax deficiency of $12,104.19. The taxpayers [2] have petitioned this court for review.

The pertinent tax provisions are from the Internal Revenue Code of 1939, viz., Int.Rev.Code of 1939, § 23(a) (1) (A), 53 Stat. 12, as amended, and § 24(a) (2), (3), 53 Stat. 16, as amended, 26 U.S.C.A. §§ 23(a) (1) (A), 24(a) (2, 3). See also Treasury Regulations 118, § 39.23(a)–4.

The line of demarcation between deductible repairs and additions to capital is, of course, obscure. United States v. Akin, 10 Cir., 1957, 248 F.2d 742, certiorari denied 1958, 355 U.S. 956, 78 S.Ct. 542, 2 L.Ed.2d 532; Repplier Coal Co. v. Commissioner, 3 Cir., 140 F.2d 554, certiorari denied 1944, 323 U.S. 736, 65 S. Ct. 35, 89 L.Ed. 590. No section of the Internal Revenue Code deals with deductibility of repairs as expenses but Regulations 118, Sec. 39.23(a)–4, is relied on by Stoeltzing. The Regulation provides that: "The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as expense, provided the cost of acquisition or production or the gain or loss basis of the taxpayer's plant, equipment, or other property, as the case may be, is not increased by the amount of such expenditures." Stoeltzing's first argument is based upon the Regulation quoted and interpretations which he draws therefrom. He contends that because the building had been neglected by its former owners, it was necessary for him to make in one year all the repairs which should have been made as a matter of good housekeeping over preceding years. Stoeltzing asserts that the "repairs" which he made did not extend the original economic life of the building nor enhance its market value in excess of the amount actually capitalized by him, viz., $4,602.32. In support of these propositions he adduced evidence from a contractor and an appraiser that the value of the property had been increased by the work that he had had done on it by only $4,000 or $5,000.

We cannot accept the taxpayers' contentions. It seems clear that the repairs can scarcely be deemed "incidental". They exceeded by almost 200% the ascribed cost of the building. Nor does the contention that these repairs did not materially add to the value of the building nor appreciably prolong its life seem to be supported adequately by the evidence. In so stating we have not overlooked the testimony of the contractor and appraiser that the value of the building had been increased by only $4,000 or $5,000. It seems hardly probable that as a matter of business an owner would expend $22,000, 200% more than the cost ascribed to the building, without materially adding to the value of his property and appreciably prolonging its life. Nor can we say that the repairs were necessary to "keep the building" in "an ordinarily efficient operating condition". We think, as the Tax Court in effect found, that the repairs were necessary to put, rather than to "keep", the building in an "ordinarily efficient operating condition".

It would follow that the decision in Illinois Merchants Trust Co., 1926, 4 B. T.A. 103, 106 does not aid the taxpayers here; nor do such decisions as Hotel Kingkade v. Commissioner, 10 Cir., 1950, 180 F.2d 310, 312. Nor can we deem the

---

1. No opinion was reported for official publication.

2. The Stoeltzings filed a joint return for 1952. Hence Mrs. Stoeltzing is a party to the suit. The return was on a calendar year basis.

expenditures to be "ordinary and necessary" within the ruling of Welch v. Helvering, 1933, 290 U.S. 111, 113, 54 S.Ct. 78 L.Ed. 212. They may have been necessary or essential to the end that Stoeltzing might employ the building for the purposes of his business but expenditures of almost twice the original cost to put a building into proper condition for a business cannot be deemed to be ordinary.

Stoeltzing relies also on Southern Ry. Co. v. Commissioner, 4 Cir., 1935, 74 F. 2d 887, 890, which points out that where expenditures are made for repairs, when no greater than necessary to maintain a property at the normal level of maintenance, such expenditures shall be deemed to " * * * merely counterbalance depreciation and are deductible from income, just as depreciation is deductible, in that they [the repairs] represent a necessary expense in the earning of income." We do think the principle enunciated is not applicable here. In the Southern Ry Co. case the court was dealing with an issue of under-maintenance of the Southern Railway Company by the Director of Railroads for the period embraced by World War I. Judge Parker stated that the moneys expended by the railroad by way of repairs were less than normal and the railroad property was not restored to the normal level of maintenance though it had repaired many of the worst conditions that existed. In the case at bar the repairs or renovations really consisted of a reconversion of the property for commercial purposes as the Tax Court found. In fact, in the case at bar, in the light of all the circumstances, it is fair to state that Stoeltzing bought an old building and made a new and different building, commercially useful, out of it. The use of the principle of annual depreciation rather than that of repair expense in the year 1952 seems properly applicable.[3]

In addition to the foregoing, we are persuaded by the position of the Tax Court that it is "more realistic to treat the project as a whole." If the expenditure for each item of repair were considered individually, without relation to other items, it may be correct to classify some of them as deductible expenses. But the Tax Court stated, "[w]e see no justification for making such a separate treatment of the items on the record before us." The principle is made clear in Jones v. Commissioner of Internal Revenue, 5 Cir., 1957, 242 F.2d 616, 619, quoting 4 Mertens, Federal Taxation, § 25.41, wherein it was said: "The difficulty inherent in determining the character of a particular expenditure is illustrated by the fact that a particular item, standing alone or made as periodic repairs, might be deductible as an ordinary and necessary business expense, but if made as a part of an entire capital investment in the improved property, may be treated as a capital expenditure." If Stoeltzing had erected a completely new building, items of work which the contractor might have undertaken to prepare the building for occupancy such as carting away refuse or painting or even washing windows, could hardly be separated from the whole cost and deducted as expenses. Since the Tax Court found in substance that Stoeltzing renovated an untenantable building, we can perceive no effective distinction between the circumstances of the cited case and those of the case at bar.

We have considered other arguments made by the taxpayers but we think they do not require discussion here.

The decision of the Tax Court will be affirmed.

---

3. The taxpayers place much emphasis on the proposition that carting refuse from the cellar of the building could scarcely be classified as a capital expenditure. Ordinarily that would be true but in the case at bar the cellar had to be deepened to receive the new furnace and it was necessary to clean out the cellar before this could be done.