OPINION. Black, Judge; The first issue here presented arises under section 23(a) (1) (A) of the 1939 Code.[1] Petitioner contends that the expenditures made to repair the vessels it purchased from the Maritime Administration, so as to place the vessels in class, that is, in seaworthy and cargoworthy condition, are deductible as ordinary and necessary business expenses. The respondent contends that deduction of these expenses as ordinary and necessary business expenses is banned by section 24(a) (2) of the 1939 Code.[2] Regulations 111, section 29.23 (a)-4,[3] define repairs, the cost of which is deductible. This section of Regulations 111 has been sustained because it is neither unreasonable nor inconsistent with section 23(a) (1) (A) of the 1939 Code. Jones v. Commissioner, 242 F. 2d 616, 620, affirming 24 T.C. 563. It is clear, both from Regulations 111, section 29.23 (a)-4, and from the numerous cases cited on brief, that not all expenses incurred in repairing property are deductible. The repair costs, deduction of Which is allowable, are the costs of “incidental repairs.” “Incidental” imports that the repairs be necessary to some other action. In this context in Illinois Merchants Trust Co., Executor, 4 B.T.A. 103, 106, we said: A repair is an expenditure for tlie purpose of keeping the property in an ordinarily efficient operating condition. It does not add to the value of the property, nor does it appreciably prolong its life. It merely keeps the property in an operating condition over its probable useful life for the uses for which it was acquired. Expenditures for that purpose are distinguishable from those for replacements, alterations, improvements or additions which prolong the life of the property, increase its value, or make it adaptable to a different use. * * * This precise language was quoted with approval in the Jones case, supra. Deductible repair expenses are those incidental to maintaining business property, incidental to the keeping of the property in “an ordinarily efficient operating condition.” Repairs incidental to capital expenditures for remodeling or renovation of the property are not deductible. Jones v. Commissioner, supra; I. M. Cowell, 18 B.T.A. 997. Likewise, repairs incidental to capital expenditures for the acquisition of property suitable to the business of the taxpayer, regardless of whether the cost of the repairs is paid to the seller or to a third person, are not deductible. H. Wilensky da Sons Co., 7 B.T.A. 698; L. A. Wells Construction Co., 46 B.T.A. 302, affirmed per curiam 134 F. 2d 623, certiorari denied 319 U.S. 771. See also the recent decision of the Third Circuit in Stoeltzing v. Commissioner, 266 F. 2d 374, affirming a Memorandum Opinion of this Court. In that case, the court, among other things, said at page 376: “We think, as the Tax Court in effect found, that the repairs were necessary to put, rather than to ‘keep’, the building in an ‘ordinarily efficient operating condition’.” It seems to us clear that the $550,846.78 here hi question was, as said by the court in the Stoeltzing case, expended to put rather than to “keep” the ships in an ordinarily efficient operating condition. One of the cases relied upon by the Third Circuit in the Stoeltsing case was Jones v. Commissioner, supra, which we have already cited and discussed. We have said in other cases that in determining whether moneys expended are deductible business expenses or nondeductible capital expenditures, the purpose of the work performed, the physical nature of the work, and the effect of the work must be considered. American Bemberg Corporation, 10 T.C. 361, affirmed per curiam 177 F. 2d 200. In the instant case, petitioner, a steamship company, approached the .Maritime Administration for the purpose of purchasing vessels under the Merchant Ship Sales Act of 1946. The Committee on the Merchant Marine and Fisheries, in reporting the bill to the House of Eepresentatives, stated that the purpose of the bill was to place the American merchant marine “in a position to assume its rightful place among the other maritime nations in the carriage of the world’s waterborne commerce.” H. Eept. No. 831,79th Cong., 2d Sess. (1945). A declaration of policy contained in tbe Act itself states that it is necessary to have an efficient and adequate American-owned merchant marine composed of the “best-equipped, safest, and most suitable types of vessels.” 50 U.S.C. App. sec. 1735. The Act further provides that an applicant for purchase of such vessels must “possess the ability, experience, financial resources, and other qualifications necessary to operate and maintain the vessel under normal competitive conditions.” 50 U.S.C. App. sec. 1737(a). The Act also provides that an allowance shall be made in determining the amount which the purchaser shall pay to the Maritime Administration for the vessel. 50 U.S.C. App. sec. 1736(d) (1). A separate section of the Act authorized expenditures “to make such vessel suitable for commercial operation on trade routes or services.” 50 U.S.C. App. sec. 1745(a). By the Independent Offices Appropriation Act of 1948, 46 U.S.C. sec. 864(a), the expenditure of funds by the Maritime Administration to place vessels in class was no longer authorized, but the allowance of such costs determined on the basis of competitive bids, without regard to previously established floor prices below which the vessels could not be sold, was authorized.[4] The petitioner herein applied for and received an allowance for the cost of in-class repairs either by way of a reduction in the purchase price of the vessels or as a credit against the purchase price. Whichever it was, it seems to us, has no controlling importance in deciding the question we have here to decide. It is clear, therefore, that the Maritime Administration sold, and petitioner purchased eight validly certificated, seaworthy and cargo-worthy vessels. The cost to petitioner of acquiring such vessels was the amount petitioner paid and/or obligated itself to pay to the Maritime Administration, plus the amounts petitioner paid to the shipyards which made the repairs so that petitioner might reduce the amount it had to pay the Maritime Administration below the floor price. The cost of the allowance was the price of the repairs. Unquestionably, the purpose of the expenditure of $550,846.78 by the petitioner was a part of its plan to acquire eight vessels in seaworthy and cargoworthy condition.- Petitioner, in arguing that the entire $550,846.78 should be allowed as a deduction for repairs in the taxable year which we have before us, relies heavily on certain language embodied in paragraph 26 of the stipulation of facts which was filed at the hearing. This language upon which petitioner relies reads as follows: 26. It is agreed by the petitioner and the respondent that the expenditures here in question totaling $550,846.78 would he allowable as ordinary and necessary business expenses in the year in which made if incurred in a year other than the year of purchase of the vessels. * * * In the first place, the foregoing stipulation is not a stipulation of a fact at all and for that reason we have not embodied it in our Findings of Fact. It is a stipulation of what the tax consequences would be if the expenditures had been made during some period which is not before us for adjudication. A stipulation of that kind is, in our opinion, irrelevant and immaterial to the question we have before us in issue 1. Cf. Ohio Clover Leaf Dairy Co., 8 B.T.A. 1249, affirmed per curiam 34 F. 2d 1022, certiorari denied 280 U.S. 588. Therefore, we decline to spend any time in discussing what the tax consequences would have been if the $550,846.78 had been expended in some year other than the year of purchase. We do have before us the year of purchase and we hold that the $550,846.78 expended by petitioner in repair of the eight vessels was not an expense incidental to the maintenance of the vessels, but was, rather, an expense incidental to the capital expenditure in acquiring and putting into service eight commercial dry-cargo vessels in seaworthy and cargoworthy condition. The respondent’s disallowance of the deduction is sustained on-the strength of the authorities heretofore cited and discussed. The second issue here presented arises under section 23(1) (1), 1939 Code.[5] Petitioner states the alternative issue in its brief as follows: In the alternative, if petitioner be required to capitalize the expenditures they may be amortized or depreciated over a period of time less than the useful life of the vessels. In arguing this point in its brief petitioner, among other things, said: the most proper treatment would be to amortize them over the period beginning with the date they were incurred and ending November 30, 1951. This would prevent any distortion of petitioner’s income and would result in allocation of the expenditures against the income to which they were attributable. Thus petitioner seeks to offset the disallowance of the deduction by recovering the same in depreciation. The contention is based upon the erroneous and unsupported supposition that the useful life of the work done to place the vessels in class is less than 1 year because some of the inspections, tests, and surveys which necessitated the work are annually recurring. Petitioner has failed to show that any of the work had a useful life of less than 1 year, for it failed to show that any of the work done in 1951 would be required to be done again for the next year’s annual inspections. On the contrary, the removal of wartime features would last as long as the vessels. The capital asset which petitioner received from the Maritime Administration when all was done was eight seaworthy and cargoworthy vessels and the capital cost of these vessels was the price paid for them which, under our decision as to issue 1, included the $550,846.78 expended to put the vessels in class. Had petitioner held the vessels for the periods of time which it agreed in the stipulation of facts filed herein to be the remaining useful lives of the vessels, it could have finished the period, having taken deductions for current maintenance and depreciation on the entire capital asset in the intervening years with eight hare hulls of an agreed salvage value. Petitioner’s alternative contention is denied and we hold that the useful life of the in-class work is identical to the useful lives of the vessels on which such work was performed. Decision will be entered under Bule 50. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses.— (1) Trade or business expenses.— (A) In General. — All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * * and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. * * * SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. — In computing net income no deduction shall in any case be allowed in respect of— ******* (2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate, except expenditures for the development of mines or deposits deductible under section 23 (cc) ; Sec. 29.23 (a)-4. Repairs. — The cost of Incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as expense, provided the plant or property account is not increased by the amount of such expenditures. * * * Regulations of the administrative agency charged with the sale of such vessels clearly Indicate an Intent, and provide a procedure to mate available vessels which will be ready, when purchased, for use of commercial cargo vessels, In accordance with the legislative enactment, 46 C.F.R. sec. 299.1, (Rev. 1953.) et aeg; N.B. secs. 299.7(a), 209.7(c), 299.71B, 299.71F, and 299.91. SEC. 23. DEDUCTIONS FROM GROSS INCOME. (1) Depreciation. — A reasonable allowance for the exhaustion, wear and tear (Including a reasonable allowance for obsolescence)— (1) of property used In the trade or business, or