Herman Barron and Ann Barron v. Commissioner.
Barron v. Commissioner
Docket No. 94604.
United States Tax Court
T.C. Memo 1963-315; 1963 Tax Ct. Memo LEXIS 30; 22 T.C.M. (CCH) 1655; T.C.M. (RIA) 63315; November 29, 1963
*30 Depreciation: Useful life: Repairs: Capital expenditures. - The petitioners were in the business of buying property in a run-down condition which they would remodel and sell. In 1958 they bought an apartment building which was at least 31 years old and in an unrentable condition. In order to rent the apartments they began an extensive program of remodeling and renovation. Held: All of the improvement expenses should be capitalized since they were part of a general plan of renovation. The useful lives of the building and improvements are determined. A carpet which was sold with another piece of property was found to be an addition to capital. Lee S. Jones, 920 Kentucky Home Life Bldg., Louisville, Ky., for the petitioners. Howard K. Schwartz, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: The respondent determined deficiencies in petitioners' income taxes for the years 1958 and 1959 of $2,166.35 and $2,484.63, respectively. He also asserted a 5 percent negligence penalty under section 6653(a) of the 1954 Code. It was stipulated that there was no section 6653(a) penalty owed and as a result of concessions by the parties and the abandonment of issues at trial and on brief, the only remaining issues are: *32 (1) The useful life of an apartment building acquired in 1958. (2) The useful lives of certain improvements to the property made in the taxable years here involved. (3) Whether expenditures of $3,255.11 and $8,521.24 in 1958 and 1959, respectively, are deductible business expenses or should be capitalized. (4) Whether the basis of certain other real property sold in 1959 should include the cost of a carpet which was sold with the property. Findings of Fact Some of the facts have been stipulated and are so found. The petitioners are husband and wife and have been engaged for approximately 20 years in the business of buying run-down real estate which they remodel and sell. Petitioners filed their income tax returns on a calendar year basis and used a cash receipts and disbursements method of accounting. They filed joint income tax returns for 1958 and 1959 with the district director of internal revenue in Louisville, Kentucky. On October 29, 1958, the petitioners purchased certain real property located at 1910 South Third Street in Louisville for a total consideration of $83,000. This property consisted of a lot and an apartment building which was at least 31 years old *33 in 1958. (The apartment building will be referred to herein as the Third Street property.) At the time of purchase, the apartment building contained 24 units and was in a run-down and unrentable condition. The petitioners moved into one of the apartments and began a general renovation of the building. In order to get the heating system working the petitioners overhauled the existing stoker, and when that failed they put in a new boiler and a gas furnace. They also had to hang new wallpaper, paint and put in new light fixtures in 8 of the apartments. Much of the plumbing had to be repaired and there was also some general repair work. The petitioners converted 6 of the apartments into 12 smaller apartments by installing 6 new bathrooms, dividing the wiring systems, painting, papering, and decorating. All of the 30 apartments are provided with some inexpensive overhead cabinets and a refrigerator and stove which are furnished at the option of the tenant. Whenever there is a vacancy, painting and decorating must be done again, and the leases usually last one year. Another major alteration by the petitioners was the installation of a new roof. The parties have stipulated that during *34 the taxable years 1958 and 1959 petitioners made the following expenditures in renovating the Third Street property: 1958
New boller
$ 5,484.20
Water line
756.30
Remodeling
3,255.11
$ 9,495.61
1959
New roof
$ 2,394.75
Steel fire escape
775.00
Air conditioning
964.42
Six new bathrooms and kitchens
5,019.62
New electrical wiring, circuits,
meters, etc.
2,005.00
Hardware, flooring
103.49
Furnace work
313.30
Three new stoves
195.00
Adding machine
85.00
$11,855.88 These expenditures were capitalized by petitioners on the basis of a useful life of 10 years in computing their depreciation deduction for the years involved. They were all lumped together in one composite amount. The respondent determined a useful life for the new roof of 20 years and a 10-year useful life for the furnace work, 3 new stoves, and the adding machine. Respondent determined that the useful life of the remaining improvements was 40 years. During the year 1959 the petitioners expended an additional $8,521.24 in connection with the Third Street property. They claimed this entire amount in computing their income tax liability for 1959 as a deduction for "repairs. *35 " The respondent determined that the expenditure was part of a general plan of improvement and restoration of this property and, therefore, should be capitalized and depreciated on the basis of a 40-year useful life. This expenditure of $8,521.24 covered wallpapering, painting, sanding and refinishing the floors, electrical and plumbing repairs, linoleum kitchen floors, light bulbs and window shades. All of these expenditures were for the general renovation begun in 1958. The petitioners incurred subsequent expenses for the Third Street property as follows: 1960
$7,784.10
1961
6,610.32
1962
6,601.42 They describe these expenditures as expenses of maintenance and repairs. However, at the time of trial in 1963, there was still a considerable amount of work remaining to be done on the building to complete its renovation, and only a fractional part of the contemplated resteration had been concluded. In computing their depreciation deduction for the Third Street property the petitioners used a remaining useful life of 25 years. Respondent determined a 40-year remaining useful life. The parties agree that $15,400 of the $83,000 purchase price should be allocated to *36 land, furniture, and personal use, leaving a cost basis of $67,600 for purposes of depreciation. On their income tax return for 1959 the petitioners reported the sale of a parcel of property located at 2121 Cherokee Parkway (hereinafter referred to as the Cherokee Parkway property) as a long-term capital gain of $6,436.41. The respondent determined that the gain was $7,147.51. When this property was sold in 1959 a carpet which had cost $740.37 was included in the sale. (1) We find that the apartment building, herein called the Third Street property, had a useful life of 25 years when petitioners purchased it in 1958; that the new roof installed in 1959 had a useful life of 20 years; and the furnace work, new stoves, and adding machine had a useful life of 10 years, as conceded by respondent. (2) We find that the other improvements made as part of the renovation of the Third Street property in 1958 and 1959 had a useful life of 40 years. (3) The improvements to the Third Street property were all part of a general plan of renovation designed to restore the building and put it in a rentable condition. (4) The rug which was sold with the Cherokee Parkway property had a useful *37 life of substantially more than one year. Opinion Issue 1 We have found that the useful life of the Third Street property was 25 years. The building was already at least 31 years old when it was acquired in 1958, and was not in a rentable condition. In the opinion of the petitioner, Herman Barron, it then had a useful life of 25 years. He was well familar with such properties and this one. Petitioners' expert witness testified that in his view the building had a useful life in 1963 of 25 years. He was unable to give an opinion for 1958 since he did not examine the building until the day before trial. However, the petitioners had spent a considerable amount for repairs, maintenance, and renovation by 1963 and the expert testified that if the building were in the same condition in 1958 as when he saw it in 1963, its useful life would be 25 years. We find that the building was in as good or better condition in 1963 as it was in the years at issue, and consequently it could not have had a longer useful life in those years. The respondent offered no evidence on this issue. On all of the evidence we hold that the apartment house had a useful life of 25 years in 1958 when peitioners *38 bought it. Issue 2 The petitioners used a composite account in taking depreciation on the improvements to the Third Street property. See section 1.167(a)-7, Income Tax Regs. However, they failed to prove the useful lives of all of the composite items in either 1958 or 1959. When a composite account is used the petitioner must prove the useful life of each item. It is not enough to prove that the useful lives of certain items are less than the composite rate. Mide-State Products Co., 21 T.C. 696 (1954); Southern California Freight Lines, Ltd., 36 B.T.A. 328 (1937), affd. 99 F. 2d 104 (C.A. 9, 1938), certiorari denied 306 U.S. 632 (1939). Consequently, the petitioners have failed to meet their burden of proof and the respondent's determination of a 10-year useful life for the furnace work, new stoves, and adding machine; a 20-year useful life for the new roof; and a 40-year useful life for the other improvements is sustained. We reach this conclusion most reluctantly on this issue in light of the testimony of petitioner, Herman Barron, and the one expert who testified. Their testimony convinces us *39 that most of the items included in the renovation work were short-lived, so that a composite useful life of 40 years is excessive. However, as indicated, we have no evidence whatever as to certain of the items and accordingly we must uphold the respondent's determination. Issue 3 The petitioners claim they are entitled to a $3,923.81 expense deduction for repairs made in 1958 and a similar deduction in 1959 of $8,521.24. These expenses were for painting, papering, sanding and finishing floors, new linoleum, window shades, electrical and plumbing work, and general repair work. The petitioners apparently rely upon section 1.162-4, Income Tax Regs., [1] which allows a deduction for incidental repairs. However, the expenditures here were certainly more than incidental. When the building was purchased it was in an unrentable condition and by the date of trial $50,868.57 had been spent on the various repairs. This is over two-thirds of the $70,000 purchase price of the building. Still, one of the petitioners testified that only about one-third of the necessary work had been done. Clearly the petitioners were engaged in a program of renovating and remodeling *40 the Third Street property. In fact, they were in the business of renovating run-down properties. In Joseph Merrick Jones, 24 T.C. 563 (1955), affd. 242 F. 2d 616 (C.A. 5, 1957), the taxpayer attempted to expense similar repairs by relying on the predecessor of section 1.162-4, Income Tax Regs. We held there that the expenditures were not for: "incidental repairs" but were part of an overall plan *41 for the general rehabilitation, restoration, and improvement of an old building which had lost its commercial usefulness due to extreme deterioration. The building had passed beyond "an ordinarily efficient operating condition," and expenditures were to restore it to, rather than to "keep it in," operating condition. * * * The purpose and effect of the expenditures * * * were not ordinary maintenance expenses and cannot be separated from the general plan and purpose. * * * It is true that if a particular item of repair were considered by itself it might be considered a deductible expense, but when, as here, there is a general plan of renovatin, all items are a part of that plan and must be capitalized. Stoeltzing v. Commissioner, 266 F. 2d 374 (C.A. 3, 1959), affirming a Memorandum Opinion of this Court; Joseph Merrick Jones, supra; Keller Street Development Co., 37 T.C. 559 (1961). The respondent's determination of useful lives has already been sustained. We must also sustain his determination that petitioners' expenses for the Third Street property in 1958 and 1959 are not allowable as deductions in those years, but must be capitalized as *42 restoration costs. Issue 4 The petitioners claim that their basis for the Cherokee Parkway property should have been increased by $740.37, the cost of a carpet which was sold with the building. Section 1016(a)(1) of the 1954 Code says that basis shall be adjusted for items properly chargeable to capital account. Section 1.263(a)-2(a), Income Tax Regs., states that "furniture and fixtures, and similar property having a useful life substantially beyond the taxable year" are examples of capital expenditures. In Superior Pocahontas Coal Co., 7 B.T.A. 380 (1927), we held that cheap rugs were an expense and not chargeable to capital account. Here, the price of the carpeting indicates that it was intended to last substantially beyond one year. Consequently, the cost of carpeting was a capital expenditure. The basis of the Cherokee Parkway property should be increased by its cost, $740.37, and the gain on the transaction computed after petitioners' basis has been adjusted accordingly. Decision will be entered under Rule 50. Footnotes
1. Income Tax Regs. Sec. 1.162-4 Repairs. The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as an expense, provided the cost of acquisition or production or the gain or loss basis of the taxpayer's plant, equipment, or other property, as the case may be, is not increased by the amount of such expenditures. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, shall either be capitalized and depreciated in accordance with section 167 or charged against the depreciation reserve if such an account is kept.↩