W. SHERMAN AND FRANCES JACKSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson v. Commissioner
Docket Nos. 13391-92, 25024-92
United States Tax Court
T.C. Memo 1994-106; 1994 Tax Ct. Memo LEXIS 107; 67 T.C.M. (CCH) 2392; March 16, 1994, Filed *107 Decisions will be entered under Rule 155. W. Sherman Jackson, pro se. For respondent: Louis H. Hill. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: These consolidated cases were assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1989 and 1990 in the amounts of $ 5,009.82 and $ 5,099.00, and respectively. After concessions by the parties, the issues for decision relating to the 1989 taxable year are: (1) Whether petitioners are entitled to deduct Schedule C travel expenses in the amount of $ 6,653, as claimed; (2) whether petitioners are entitled to deduct Schedule C meal and entertainment expenses in the amount of $ 3,548, as claimed; and (3) whether petitioners are entitled *108 to deduct Schedule C legal and professional expenses in the amount of $ 3,637, as claimed. After concessions by the parties, the issues for decision relating to the 1990 taxable year are: (1) Whether petitioners are entitled to deduct Schedule E repair expense for rental property in Xenia, Ohio, in an amount in excess of that which was allowed in the notice of deficiency and conceded by respondent at trial; (2) whether petitioners are entitled to deduct Schedule E mortgage interest for rental property in Xenia, Ohio, in excess of that which was conceded by respondent at trial; (3) whether petitioners are entitled to deduct Schedule E mortgage interest for rental property in Springfield, Ohio, in an amount in excess of that which was allowed in the notice of deficiency; (4) whether petitioners are entitled to deduct Schedule E other interest for rental property in Springfield, Ohio, in the amount of $ 825, as claimed; and (5) whether petitioners are entitled to deduct Schedule A job and other miscellaneous expenses in the amount of $ 7,084.48, as claimed. For the most part, the foregoing issues relate to substantiation. For simplicity and clarity, we will first set forth the relevant *109 background facts and general legal principles; we will then combine our findings of fact and opinion with respect to each issue. Background Facts
Some of the facts have been stipulated, and they are so found. Petitioners resided in Oxford, Ohio, at the time their petitions were filed with the Court. Petitioner W. Sherman Jackson (Dr. Jackson or petitioner) was a full-time history professor at Miami University in Oxford, Ohio (Oxford), at all times relevant to this case. His areas of academic concentration were civil rights and race relations. As a professor, he was obligated to conduct research on an ongoing basis. From January through November 1989, Dr. Jackson was also a 50-percent shareholder in Seminar Enterprises, Inc. (Seminar), an S corporation, which in turn owned and operated an Arby's franchise (the Arby's franchise) in Oxford. Dr. Jackson was the first member of a minority group to have an ownership interest in an Arby's restaurant in Ohio. During 1989, Dr. Jackson was involved in a dispute with the individual who owned the other 50 percent of Seminar's shares. Dr. Jackson regards himself as an entrepreneur. Attached to his 1989 income tax return was a *110 Schedule C ("Profit or Loss From Business"). The Schedule C named Dr. Jackson as the proprietor, identified his principal business as "consultant", and specified the business name of the proprietorship as "Franchise Service & Development". [2] The Schedule C reported gross income of $ 41,636 and claimed total deductions of $ 66,434, for a net loss of $ 24,798. During the years in issue, petitioner Frances Jackson (Mrs. Jackson) [3] was employed by the Ross Local School District as a teacher of math, science, and computer science. During 1990 petitioners owned residential property *111 in Xenia, Ohio (the Xenia property), which they held for the production of rents. During that same year petitioners owned commercial property in Springfield, Ohio (the Springfield property), which they also held for the production of rents. On a Schedule E ("Supplemental Income and Loss") for 1990, petitioners reported a rental loss from the Xenia property in the amount of $ 8,866.63 and a rental loss from the Springfield property in the amount of $ 15,825. Petitioners had no formal record-keeping system and maintained poor records of their expenses. General Legal Principles
We begin by noting that, as a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra.This includes *112 the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). As a general rule, if the record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of such expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In the case of travel expenses, specifically including meals and lodging while away from home, as well as in the case of entertainment, section 274(d) overrides the so-called Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), *113 affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs.; 50 Fed. Reg. 46014 (Nov. 6, 1985). Under section 274(d), no deduction may be allowed for expenses incurred for travel or entertainment on the basis of any approximation or the unsupported testimony of the taxpayer. Section 274(d) imposes stringent substantiation requirements to which taxpayers must strictly adhere. Thus, that section specifically proscribes deductions for travel or entertainment expense in the absence of adequate records, or sufficient evidence corroborating the taxpayer's own statement. At a minimum, the taxpayer must substantiate: (1) The amount of such expense, (2) the time and place such expense was incurred, (3) the business purpose for which such expense was incurred, and (in the case of entertainment) (4) the business relationship to the taxpayer of the persons entertained. According to section 1.2745T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985), the corroborative evidence required to support a statement not made at or near the time of the expenditure * *114 * * must have a high degree of probative value to elevate such statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure * * * supported by sufficient documentary evidence.
The 1989 Taxable Year
Among the deductions claimed by petitioner on his 1989 Schedule C were the following: Deduction
Amount
Travel
$ 6,653
Meals & entertainment
3,548
Legal & professional services
3,637
In the notice of deficiency respondent disallowed these deductions in full. For purposes of clarity we examine each of the disputed deductions independently of the others. 1. Travel expenses in the amount of $ 6,653. The travel expenses petitioner claimed as ordinary and necessary business expenses in 1989 related to several trips which petitioners took during that year. In this regard, Dr. Jackson testified that petitioners traveled from Ohio to Florida, Louisiana, and the Bahamas [4] in order to investigate opportunities for purchasing another restaurant franchise and to seek investors. *115 In his testimony before the Court, petitioner acknowledged that he failed to maintain contemporaneous records of his expenditures by stating "I admit that I'm guilty of sloppy record-keeping, but I'm not guilty of taking deductions that were not entitled to me." Although Dr. Jackson attempted to minimize the importance of this failure, it is fatal to many of petitioners' claimed deductions, including the travel expenses for 1989. The substantiation requirements for such expenses are mandated by statute. Sec. 274(d). Accordingly, despite Dr. Jackson's protestations to the contrary, petitioners are not entitled to deductions that they cannot substantiate by adequate records or sufficient evidence corroborating their own statements. Petitioner did introduce some evidence to corroborate his testimony, in the form of credit card records, receipts, and correspondence. However, none of these items established, either individually or collectively, as required: (a) The amount of each expenditure while traveling; (b) the dates of departure and return; (c) the exact localities visited; and (d) the precise business purpose of each trip. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., *116 50 Fed. Reg. 46014 (Nov. 6, 1985). It is not enough to establish one of these elements, for example, that a particular trip was business related; rather, all of the elements must be established. Sec. 274(d). Accordingly, we sustain respondent's determination with respect to these travel expenses on the ground that petitioners failed to satisfy the statutory substantiation requirements mandated by section 274(d). We also note that petitioners failed to pursuade the Court that the trips to Florida, Louisiana, and the Bahamas, although claimed as business related, were other than personal in nature. The Court is not required to accept a taxpayer's self-serving testimony as gospel. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). [5]
*117 2. Meal and entertainment expenses in the amount of $ 3,548. The entertainment expenses in issue were for meals to which petitioner had invited various Arby's representatives who were assisting him in learning Arby's management techniques. Petitioner testified that he had absorbed the expenses of these meals, rather than having Seminar pay, so as to minimize friction with the other Seminar shareholder. Entertainment expenses are among those which must be strictly substantiated under section 274(d). Not only did petitioner fail to introduce contemporaneous records, but, as with the travel expenses discussed above, none of the documentation submitted established, either individually or collectively, as required: (a) The amount of each expenditure; (b) the date of each expenditure; (c) the location of each meal; (d) the business purpose of each meal; (e) the business relationship between the taxpayer and his guest; or (f) for those meals claimed to be associated with a business discussion immediately preceding or following the meal, the same elements as would otherwise be required just for the meal. Sec. 1.274ST(b)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46015 *118 (Nov. 6, 1985). It is not enough to establish one of these elements, for example, that a particular meal was business-related; rather, all of the elements must be established. Sec. 274(d). Since petitioners failed to establish the requisite information, they failed to sustain their burden of proof, and respondent's determination is therefore sustained. [6]
3. Legal and professional expenses in the amount of $ 3,637. As noted above, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933). *119 At trial, petitioner mentioned several disputes, including a dispute with Seminar's other 50-percent shareholder, because of which he may have incurred legal expenses. However, he provided no persuasive testimony or other evidence to support his contention that expenses were incurred which petitioners were entitled to deduct. Similarly, petitioners provided no persuasive evidence regarding payment of the claimed expenses. Therefore, we sustain respondent's determination disallowing these expenses. The 1990 Taxable Year
For 1990 the disputed deductions relate to petitioners' Schedule E and Schedule A. Insofar as the Schedule E is concerned, two properties are involved, namely, residential rental property located in Xenia, Ohio, and commercial rental property located in Springfield, Ohio. Insofar as the Schedule A is concerned, the focus is on miscellaneous itemized deductions. For purposes of clarity we examine each of the disputed deductions independently of the others. 1. Schedule E repair expense for the Xenia property. On Schedule E of the 1990 return, petitioners deducted $ 11,471.83 for repairs to the Xenia property. In the notice of deficiency, respondent *120 allowed $ 427 and disallowed the balance ($ 11,044.83). In the stipulation of facts, respondent conceded an additional $ 377. As to this issue, the parties' dispute goes beyond mere substantiation. Rather, the principal focus is whether the balance of the disputed deduction (i.e., $ 11,471.83 - ($ 427 + $ 377) = $ 10,667.83) is currently deductible or should instead be capitalized. [7]
As testified to by petitioner, and confirmed by documentation that he submitted into the record, petitioners engaged others to repair the Xenia property because it had been condemned by the Greene Metropolitan Housing Authority as uninhabitable. The record at trial, including Dr. Jackson's credible testimony and the documentation submitted, persuades the Court that petitioners did indeed incur considerable *121 expense in rehabilitating the Xenia property for use as a rental unit. We conclude that petitioners expended $ 10,000 for such repairs. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Nevertheless, we agree with respondent that this expense must be capitalized and that it is not, therefore, currently deductible. It is well established that repairs made during the course of a plan of rehabilitation or renovation are generally capital improvements, even if those same repairs would constitute ordinary maintenance under other circumstances. E.g., Jones v. Commissioner, 24 T.C. 563 (1955), affd. 242 F.2d 616 (5th Cir. 1957); Saccone v. Commissioner, T.C. Memo. 1979-482; Sims v. Commissioner, T.C. Memo. 1971-303, affd. 30 AFTR 2d 72-5707, 72-2 USTC par. 9733 (4th Cir. 1972). The repairs at issue here were clearly part of a plan of rehabilitation, specifically a plan to convert uninhabitable rental property to viable rental property. Accordingly, we hold that the substantiated expenses *122 in excess of the $ 804 conceded by respondent to be currently deductible, must be capitalized. Sec. 263(a). The amount to be capitalized is therefore $ 9,196, as we have held that petitioners have substantiated $ 10,000 of expenses. 2. Schedule E mortgage interest relating to the Xenia property. On Schedule E of the 1990 return, petitioners deducted $ 1,774.80 for mortgage interest paid in respect of the Xenia property. In the notice of deficiency, respondent disallowed the deduction in its entirety. Respondent subsequently conceded that petitioners substantiated $ 1,732 of the claimed amount. Petitioners failed to introduce any evidence relating to the remaining $ 42.80 in dispute. Accordingly, we hold that they are only entitled to deduct $ 1,732 for mortgage interest relating to the Xenia property. 3. Schedule E mortgage interest relating to the Springfield property. On Schedule E of the 1990 return, petitioners deducted $ 17,500 for mortgage interest relating to the Springfield property. In the notice of deficiency, respondent allowed $ 16,115 of this amount and disallowed the balance ($ 1,385). At trial, petitioner introduced 11 checks totaling $ 16,115. Each *123 check was made out to Security National Bank for $ 1,465. Checks were introduced reflecting payments made for every month except March. The Court finds credible Dr. Jackson's testimony that a mortgage payment of $ 1,465 was made to Security National Bank for the month of March, and that the returned check was misplaced. On this issue, therefore, petitioners have sustained their burden of proof. Accordingly, we hold that they are entitled to deduct $ 1,465, in addition to the amount allowed in the notice of deficiency, for mortgage interest relating to the Springfield property. [8]
4. Schedule E other interest paid in respect of the Springfield property. On Schedule E of the 1990 return, petitioners deducted $ 825 for other interest relating to the Springfield property. In the notice of deficiency, respondent disallowed the deduction in its entirety. Because petitioners failed to *124 introduce any evidence on this issue, we sustain respondent's determination that they are not entitled to any deduction for other interest relating to the Springfield property. 5. Schedule A miscellaneous itemized deductions. On Schedule A of the 1990 return, petitioners deducted $ 7,084.48 in miscellaneous itemized deductions. [9] Most of this amount relates to a deduction claimed for unreimbursed employee business expenses (principally travel and entertainment); the balance appears to relate to tax services. In the notice of deficiency, respondent disallowed the deduction in its entirety. No persuasive evidence was offered regarding expenditures for tax services. Thus, petitioners have failed to sustain their burden of proof with respect to that item. The amount claimed by petitioners as unreimbursed employee business expenses relates *125 to items for which the substantiation requirements are governed by section 274(d) and the related regulations. [10] As noted above, Dr. Jackson conceded at trial that his records were inadequate. Except as noted in the following paragraphs, we conclude that petitioners failed to carry their burden of proof and that respondent's determination should be sustained to that extent. With respect to two specific trips, however, we are persuaded that petitioners have satisfied their burden of proof for most of the claimed expenses. Those two trips were the ones to Colorado Springs and to Chicago, about which Dr. Jackson testified at trial. In her post-trial brief, respondent conceded that Dr. and Mrs. Jackson traveled to Colorado *126 Springs for the purpose of conducting research relating to the "Tuskegee Eagles" and that Dr. Jackson's trip to Chicago was for the purpose of appearing on a civil rights panel. The record provides information sufficient to satisfy the requirements of section 274(d). Accordingly, we hold that petitioners are entitled to deductions totaling $ 775 for these two trips. Finally, certain credit card receipts introduced into evidence at trial by Dr. Jackson demonstrate that petitioners are entitled to a deduction for educational training tapes and a history book in the amount of $ 219.08. [11]
In sum, we sustain respondent's disallowance of petitioners' miscellaneous itemized deductions, except for the $ 994.08 (i.e., $ 775 plus $ 219.08) discussed above. [12]
*127 Conclusion
To reflect the parties' concessions and our resolution of the disputed issues, Decisions will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On the Schedule C, petitioner checked "no" in response to the question "Did you 'materially participate' in the operation of this business during 1989?".↩
3. References to petitioner individually are to Dr. Jackson, while references to petitioners are to Dr. and Mrs. Jackson.↩
4. Petitioners combined a 3-day cruise in the Bahamas with the trip to Florida.↩
5. Although not necessary to our decision, we question whether the expenses incurred for the trips to Florida, Louisiana, and the Bahamas, if actually made to investigate opportunities for purchasing another restaurant franchise, would be currently deductible, rather than capital in nature. In order to be deductible under section 162, "expenses must relate to a trade or business functioning at the time the expenses are incurred." Hardy v. Commissioner, 93 T.C. 684, 687 (1989), affd. on this point in an unpublished order of the Court of Appeals for the 10th Circuit (filed October 29, 1990). Investigatory expenses incurred in connection with the search for a prospective business are not deductible under section 162. Dean v. Commissioner, 56 T.C. 895, 902 (1971). Ownership of a restaurant franchise in Florida, Louisiana, or the Bahamas would appear to be qualitatively different from owning shares in Seminar in Ohio. See also Krebs v. Commissioner, T.C. Memo. 1992-154↩ ("We reject the notion of a generic entrepreneur with all enterprises being a part of an ongoing business").
6. Although not necessary to our decision, we question whether these expenses would have been deductible to petitioners, even if substantiated, because the training to which the meals related was apparently intended to benefit Seminar rather than petitioner. Deputy v. Du Pont, 308 U.S. 488, 494↩ (1940).
7. At trial, respondent did not concede the substantiation issue but nevertheless suggested that petitioners' canceled checks, which purportedly related to the repair of the Xenia property, appeared to total in the range of $ 10,000.↩
8. We note that the entire deduction amounts to $ 17,580 ($ 1,465 x 12), rather than $ 17,500, the amount claimed on the return.↩
9. The amount claimed, $ 7,084.48, was the amount which exceeded the 2-percent floor on miscellaneous itemized deductions. The gross amount claimed was $ 8,285.86. Sec. 67.↩
10. We note that for taxable years beginning after December 31, 1985, section 274(d)↩ was amended to bring within its ambit any listed property as defined in section 28OF(d)(4). Included in the definition of "listed property" in that section is any passenger automobile. Sec. 28OF(d)(4)(A)(i).
11. It would appear that petitioners failed to claim any deduction for either the tapes or the book on their 1990 return. Also, we note that the stringent substantiation requirements of section 274(d)↩ do not apply to these expenses.
12. Whether this amount exceeds the statutory floor for miscellaneous itemized deductions is a matter which we leave to the parties to determine as part of their Rule 155 computation. See sec. 67.↩